IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIMITNONE LLC, | ) | |
| Plaintiff, | ) ) | Case No.  FILED: JULY 23, 2008<br>08CV4178 |
| vs. | ) ) ) | JUDGE MANNING<br>MAGISTRATE JUDGE COX |
| GOOGLE INC, | ) | TG |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Google Inc. ("Defendant" or "Google") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1441 and 1446.

## Case History

1. On June 23, 2008, plaintiff LimitNone, LLC ("Plaintiff" or "LimitNone") initiated an action in the Circuit Court of Cook County in the State of Illinois, entitled LimitNone, LLC. v. Google, Inc., Case Number 2008 L 006828 (the "State Court Action").

2. The complaint in the State Court Action was served upon Defendant on or about June 27, 2008. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

3. A true and correct copy of the summons and complaint in the State Court Action is attached hereto as Exhibit A. Exhibit A constitutes all process and pleadings with which Google was served regarding the State Court Action.

4. The complaint in the State Court Action alleges a violation of the Illinois Trade Secrets Act, 765 ILCS 1065 *et seq.*, and a violation of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505 *et seq.* ("ICFA"). *See* Exh. A (hereinafter "Complaint"). These claims are based on LimitNone's allegation that Google improperly accessed and copied LimitNone's "gMove" email migration software, and then created and

1

released a competing software product called "Google Email Uploader." Because these allegations are predicated on rights governed exclusively by federal law, they present a federal question requiring removal of this action to this Court.

## Removal Jurisdiction

5. Google hereby removes this action to the United States District Court for the District and Division in which the action is now pending, specifically, the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1441. Removal is based on federal question jurisdiction.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because the complaint alleges a claim for unfair competition under the Illinois Consumer Fraud & Deceptive Business Practices Act ("ICFA"), which, given the underlying facts alleged and rights asserted in the complaint, is preempted under the laws of the United States, specifically, the Copyright Act of 1976, as amended, 17 U.S.C. § 106 *et seq.*

7. The Seventh Circuit has articulate a two-part test for determining whether a state law claim is preempted by the Copyright Act: "First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102. Second, the right must be equivalent to any of the rights specified in § 106." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986).

8. Here, the Complaint is founded upon express allegations that Google purportedly copied Plaintiff's software program and incorporated various elements of that program into its own competing software program, to the alleged detriment of Plaintiff. Specifically, the Complaint alleges that Plaintiff "began developing a software product" called "gMove" (Complaint, ¶¶ 16, 22), approached Google to pitch this product, and then "provide[d] Google with ... the gMove program". Complaint, ¶ 29; *see also id.* ¶ 31 ("copies of gMove [] were provided to Google"). Plaintiff further alleges that Google "continued to request copies of the current version of gMove," and then released a competing software product that "copied

2

gMove's look, feel, functionality and distribution model." Complaint, ¶¶ 47, 51. According to Plaintiff, "Google's competing desktop email migration tool – called 'Google Email Uploader' – is a copy of LimitNone's gMove product.... The look and feel of both applications is almost identical and both operate under a similar conceptual design." Complaint, ¶ 55. Plaintiff's ICFA claim directly incorporates the above allegations (Complaint, ¶ 66), and further alleges that Google engaged in deceptive business practices when Google purportedly "used ...information [regarding gMove] for its own benefit in order to develop ... the Google Email Uploader" program, and "extracted" the elements of "gMove through ... copies made of the gMove program." Complaint, ¶¶ 67, 70.

    9.  Plaintiff's ICFA claim meets the first prong of the preemption test because the work in which Plaintiff's rights are asserted is a software program, and "[i]t is well established that computer software is fixed in a tangible medium of expression and within the subject matter of copyright." *Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F.Supp.2d 953, 959 (N.D. Ill. 2002). The second prong is also met, because the rights Plaintiff is asserting by its ICFA claim are equivalent to (and indeed identical to) rights enunciated in Section 106 of the Copyright Act. *See* 17 U.S.C. § 106 (granting copyright holder exclusive right to "reproduce the copyrighted work ... to prepare derivative works based upon the copyrighted work ... [and] to distribute copies ... of the copyrighted work to the public by sale or other transfer of ownership"). Plaintiff's allegation that Google copied the gMove software program, used elements of that program to make its own similar software program, and then distributed copies of that program to the public fall squarely within the rights governed exclusively by Section 106 of the Copyright Act.

    10.  Attempts to artfully plead around the Copyright Act by alleging an ICFA claim are routinely rejected by Illinois courts in similar circumstances. For instance, in *Chicago Style Productions, Inc. v. Chicago Sun Times, Inc.*, the plaintiff alleged that the defendant newspaper first collaborated with the plaintiff, and then stole the plaintiff's idea for a series of joint articles and television programs, as embodied in a pilot video and written proposal the

plaintiff had shown the defendant. 313 Ill. App. 3d 45, 46-48; 728 N.E.2d 1204, 1205-07 (Ill. App. 1 Dist. 2000). The court held that the plaintiff's asserted ICFA claim was completely preempted by the Copyright Act, because (1) "the pilot video and the formal proposal" plaintiff had shared with the defendant "constituted a tangible expression of the plaintiff's idea" (*id.* at 1206-07), and (2) by its ICFA claim, the plaintiff was attempting "to vindicate rights equivalent to those protected by the Copyright Act" in alleging that "the defendant misled the public into thinking that the plaintiff's product was the defendant's." *Chicago Style*, 313 Ill. App. 3d at 48; 728 N.E.2d at 1206-07.[1] In so holding, the court observed that the plaintiff's allegations of deceptive misrepresentation were insufficient to avoid preemption, because such an allegation that is "based in the alleged infringer's reproduction and sale of a work as its own creation does not qualitatively alter the nature of the infringement enough to remove the state claim from the preemptive scope of the copyright law." *Chicago Style*, 313 Ill. App. 3d at 50; 728 N.E.2d at 1208.

11.     Courts in this Circuit also hold that the Copyright Act preempts ICFA claims in circumstances such as these, where the ICFA claim is founded upon the alleged infringement of a copyrighted work. *See Natkin v. Winfrey*, 111 F.Supp.2d 1003, 1014 (N.D. Ill. 2000) (finding plaintiff's ICFA claim preempted where plaintiff alleged that defendants' copying and display of plaintiffs' photographs in a book constituted a deceptive business practice, and observing that "[a]lthough [plaintiffs] are creative in arguing all the various harms they suffered as a result of [defendant's] alleged misuse of their [copyrighted works], they allege only a garden variety copyright violation."); *see also Kohler Co. v. Moen Inc.*, 12 F.3d 632, 639-40 (7th Cir. 1993) (noting, in discussing Supreme Court decisions interpreting Illinois state unfair competition law, that "[t]he Supreme Court held ... that federal copyright and patent law

---

[1] Notably, the court rejected the plaintiff's argument that it was its *idea* that was copied, and not the tangible medium that embodied the idea, reasoning that "we do not think that the plaintiff can separate out the idea that was stolen in this alleged act of copying and base a separate state law claim on that." *Id.* at 1207. Similarly here, Plaintiff may not avoid Copyright Act preemption by claiming that it was its idea for gMove (rather than the software itself) that was allegedly copied.

4

preempted the state unfair competition law which prohibited the copying of a nonpatented product"); *Lacour v. Time Warner, Inc.*, No. 99 C 7105, 2000 WL 688946 at *8 (N.D. Ill. May 24, 2000) (holding an ICFA claim involving deception as to the original source of the copyrightable work to be an "inherent misrepresentation [] necessarily present in any copyright infringement action and is not an extra element that changes the nature of the claim so that it is qualitatively different from the copyright claim."); *Higher Gear*, 223 F.Supp.2d at 959 (holding that the Copyright Act preempted state law unfair competition claims,[2] because "[t]he crux of the claim [defendants] made unauthorized copies of Higher Gear's software, which is the same conduct necessary to support a copyright infringement claim. The fact that Higher Gear alleges that [defendant] sold and/or misrepresented the origin of the infringing software does not change the nature of the claim.").

12.   A plaintiff may not avoid preemption by artful pleading. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (plaintiff cannot defeat removal of a federal claim by disguising or "artfully plead[ing]" it as a state claim); *In re StarLink Corn Products Liability Litigation*, 212 F.Supp.2d 828, 836 (N.D. Ill. 2002). Plaintiff's attempt to artfully plead its Copyright Act claim as a deceptive trade practices claim under the ICFA therefore cannot bar removal. Under Illinois law, to state a claim under the ICFA "the plaintiff must allege: a deceptive act or practice by the defendant; the defendant's intent that the plaintiff rely on the deception; the deception occurred in a course of conduct involving trade and commerce; and actual damages proximately caused by the deception." *Gavin v. AT&T Corp.*, 543 F.Supp.2d 885, 909 (N.D. Ill. 2008). The "deception" Plaintiff alleges here is that Google purportedly copied Plaintiff's software despite purported assurances that Google would not do so, and then sold the copied software as its own. *See* Complaint, ¶¶ 29, 31, 51, 55, 66, 67, 70. Such artful attempts at pleading cannot avoid Copyright Act preemption. *See Higher Gear*, 223

---

[2]   The *Lacour* court noted that an ICFA claim is merely an allegation of "unfair competition under the laws of the State of Illinois," and for preemption purposes should be evaluated in the same fashion as any other state law unfair competition claim. *Lacour v. Time Warner Inc.*, 2000 WL 688946 at *1, 8.

F.Supp.2d at 959 (unfair competition claim preempted by Copyright Act despite allegations that defendant agreed not to copy or create derivative works of plaintiff's software product, but allegedly did so anyway, and conspired with another company in "developing its own version of the same software and marketing the software program without the time and expense of creating it from scratch." (internal quotation marks omitted)); *see also Design Art, Inc. v. National Football League Properties, Inc.*, No. 00CV593 JM (JAH), 2000 WL 33151646, at *3 (S.D. Cal. Aug. 18, 2000) (state law claims preempted where defendant allegedly fraudulently induced plaintiff to submit proposed marketing designs, and then copied the designs and published them as its own; "That defendants interfered with this right though the use of fraud and deceit by inducing plaintiffs to submit their designs does not qualitatively change" the asserted state law claims sufficiently to escape Copyright Act preemption).

13. Because Plaintiff's ICFA claim is preempted by the Copyright Act, Plaintiff's complaint is removable. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23-24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

14. This Court has supplemental jurisdiction over Plaintiff's second claim, for misappropriation of trade secrets ("Misappropriation Claim"), pursuant to 28 U.S.C. § 1367(a). This claim is so related to the preempted ICFA claim that it forms part of the same case or controversy under Article III of the United States Constitution. Plaintiff's Misappropriation Claim is removable pursuant to 28 U.S.C. § 1441(c) because it is joined with Plaintiff's preempted ICFA claim, over which the Court has original jurisdiction under 28 U.S.C. § 1331.

15. Promptly after filing this Notice of Removal, Defendant will serve a copy of it upon Plaintiff and will file a copy with the Clerk of the Circuit Court of Cook County in the State of Illinois.

16. This action is properly removed to this Court under 28 U.S.C. § 1446(a) because the State Court Action is pending in Cook County, Illinois, which lies within this District and Division.

DATED:  July 23, 2008                    Respectfully submitted,

                                                          GOOGLE INC.

                                                          By:  /s/ Jonathan M. Cyrluk
                                                                   One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

Jonathan M. Cyrluk (ARDC No. 6210250)
STETLER & DUFFY, LTD
11 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 338-0200
(312) 338-0070 (fax)

                Attorneys for Google Inc.