IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIMITNONE LLC, | ) | Hon. Blanche Manning |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-4178 |
| | ) | |
| vs. | ) | Magistrate Judge Cox |
| | ) | |
| GOOGLE INC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR RESTRICTING ORDER PURSUANT TO L.R. 26.2
AND FOR LEAVE TO FILE UNDER SEAL AN UNREDACTED COPY OF EXHIBIT B
OF ITS MOTION TO DISMISS PURSUANT TO L.R. 5.8**

## INTRODUCTION

Defendant Google Inc. ("Google") respectfully moves this Court pursuant to L.R. 5.8 and

26.2(b) for a restricting order permitting Google to file under seal an unredacted copy of Exhibit

B to its concurrently-filed Motion to Dismiss for Improper Venue under F.R.C.P. 12(b)(3) or, in

the Alternative, Motion to Transfer under 28 U.S.C. § 1404(a) ( hereinafter "Motion to

Dismiss").[1]  Exhibit B to the Motion to Dismiss is a contract between LimitNone and Google,

entitled "Google Enterprise Professional Agreement" (the "GEP Agreement"), that was executed

by LimitNone on or around March 9, 2007.  Google considers the proprietary terms of the GEP

Agreement to be confidential, and takes steps to ensure that those terms remain confidential.

---

[1] Because the Motion to Dismiss is filed contemporaneously with this Motion, Google
has filed a redacted version of the GEP Agreement with its Motion to Dismiss, pending the
Court's ruling on this Motion for Restricting Order.  *See* Motion to Dismiss, Ex. B.  Google was
unable to obtain leave of court to file Exhibit B under seal prior to the filing of Google's Motion
to Dismiss, because pursuant to Fed. R. Civ. P. 81, Google's deadline to file its responsive
pleading was just five days after the date this action was removed to this Court.  Google is hand-
serving LimitNone with a complete and unredacted copy of the GEP Agreement for its reference.

Accordingly, Google respectfully requests that this Court issue a restricting order pursuant to L.R. 26.2, permitting Google to file under seal an unredacted copy of the GEP Agreement.[2]

## ARGUMENT

Pursuant to Rule 26.2, this Court "may for good cause shown enter an order directing that one or more documents be restricted."  L.R. 26.2(b).  Because this case is in its infancy and discovery has not commenced, this Court has not yet entered a protective order governing the submission of confidential documents.  Nevertheless, L.R. 26.2(b) requires that "[n]o attorney or party may file a restricted document without prior order of court specifying the particular document or portion of a document that may be filed as restricted."  For this reason, Google now seeks a restricting order permitting it to file under seal an unredacted copy of its confidential GEP Agreement.

This Court routinely permits exhibits to motions to be filed under seal, when the necessary showing of confidentiality has been made.  *See BP Amoco Chem. Co. v. Flint Hills Res., LLC*, 500 F. Supp. 2d 957 (N.D. Ill. 2007) (granting motion to file confidential exhibit under seal); *Techtronic Indus. Co. v. Chervon Holdings Ltd.*, 395 F. Supp. 2d 720, n.2 (N.D. Ill. 2005) (noting that the court allowed Chevron to submit all exhibits to its motion under seal).

By this Motion, Google does not seek a blanket order to seal its entire motion and all exhibits, but rather seeks to file under seal only one confidential exhibit, the GEP Agreement,

---

[2]     Should this Court determine that the redacted version of the GEP Agreement, filed as Exhibit B to Google's Motion to Dismiss, is sufficient for the Court to resolve Google's Motion to Dismiss (as Google believes it is), the Court need not reach the instant Motion for Restricting Order.  However, if the Court wishes to review a complete and unredacted copy of the GEP Agreement, Google respectfully requests that the Court reach and grant the instant Motion. (footnote continued)

which Google has already publicly filed in redacted form.  Accordingly, Google's request is narrowly tailored and seeks a sealing order only with respect to specific portions of a single confidential agreement.  *Compare Rochester v. Fishman*, 1997 WL 24720, at *7 (N.D. Ill. Jan 17, 1997) (denying defendant's blanket motion to seal entire motion to dismiss and all exhibits as overbroad, but encouraging the defendant to identify the specific exhibits and motion passages that it deemed confidential and to resubmit a more targeted request).

The GEP Agreement specifically states that "the terms of this Agreement" are to be considered "Confidential Information" as defined therein.  *See* Google's Motion to Dismiss, Ex. B, ¶ 6.  The GEP Agreement is also clearly marked "confidential" on its face.  *See id.*  Google considers the proprietary terms of the GEP Agreement to be confidential, and takes steps to ensure that those terms remain confidential.  If the entirety of the terms of the GEP Agreement were made public, it could adversely affect Google's relationship and negotiations with other companies wishing to participate in the Google Enterprise Professional program.  In such circumstances, it is proper for courts to permit parties to file such contracts under seal.  *See Arthur Anderson LLP v. Fed. Ins. Co.*, 2007 WL 844632, at *1, n.1 (N.D. Ill. March 16, 2007) (noting that all excerpts and references to the Partnership Agreement governing the action were filed under seal).  Accordingly, Google respectfully requests that this Court issue a restricting order in compliance with L.R. 26.2, allowing Google to file under seal an unredacted copy of the GEP Agreement pursuant to L.R. 5.8.

---

Alternatively, Google would be happy to submit a complete and unredacted copy of the GEP Agreement to the Court for *in camera* review.

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant its motion for

a restricting order permitting Google to file under seal an unredacted copy of Exhibit B to its

Motion to Dismiss.

DATED:  July 30, 2008                    Respectfully submitted,

                                         GOOGLE INC.


                                         By:  /s/ Rachel M. Herrick
                                                One of Its Attorneys

                                         Michael T. Zeller (ARDC No. 6226433)
                                         QUINN EMANUEL URQUHART OLIVER
                                          & HEDGES, LLP
                                         865 South Figueroa Street, 10th Floor
                                         Los Angeles, California 90017
                                         (213) 443-3000
                                         (213) 443-3100 (fax)

                                         Rachel M. Herrick
                                         (*Admitted Pro Hac Vice*)
                                         QUINN EMANUEL URQUHART OLIVER
                                          & HEDGES, LLP
                                         555 Twin Dolphin Drive, Suite 560
                                         Redwood Shores, California 94065
                                         (650) 801-5000
                                         (650) 801-5100 (fax)

                                         Jonathan M. Cyrluk (ARDC No. 6210250)
                                         STETLER & DUFFY, LTD
                                         11 South LaSalle Street, Suite 1200
                                         Chicago, Illinois 60603
                                         (312) 338-0200
                                         (312) 338-0070 (fax)

                                         Attorneys for Google Inc.

## CERTIFICATE OF SERVICE

I, Rachel M. Herrick, an attorney, certify under penalty of perjury that I caused a copy of the forgoing document to be served on all counsel of record via the Court's CM/ECF online filing system this 30th day of July, 2008.

 /s/ Rachel M. Herrick