IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIMITNONE LLC, | ) | Hon. Blanche Manning |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-4178 |
| | ) | |
| vs. | ) | Magistrate Judge Cox |
| | ) | |
| GOOGLE INC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE PARTIES' DISPOSITIVE MOTIONS**

Defendant Google Inc. ("Google") respectfully moves this Court pursuant to Fed. R. Civ. P. 26(c) to stay discovery and further pre-trial proceedings in this action pending resolution of the case-dispositive threshold issues of law raised by Google's concurrently filed Motion to Dismiss for Improper Venue under F.R.C.P. 12(b)(3) or, in the Alternative, Motion to Transfer under 28 U.S.C. § 1404(a) ("Motion to Dismiss"), and LimitNone, LLC's ("LimitNone") anticipated Motion to Remand ("Motion to Remand").  In support of this Motion, Google submits the accompanying Memorandum of Law and states as follows:

1. As explained in Google's Motion to Dismiss, this action is subject to immediate dismissal pursuant to Fed. R. Civ. P. 12(b)(3) or transfer pursuant to 28 U.S.C. §1404(a) because Plaintiff LimitNone filed this suit in Illinois, in violation of the two mandatory forum selection clauses contained in the agreements between the parties requiring LimitNone to bring any and all such claims in California.

2. In addition, LimitNone has recently provided notice of its intent to seek leave to file a Motion to Remand this action to state court.  While Google believes that LimitNone's anticipated Motion to Remand will ultimately fail given the preemptive federal question

presented by LimitNone's suit, the pendency of this Motion provides yet a second reason to stay discovery while the Court considers it.

3. Depending on how the Court rules on these Motions, and what actions LimitNone takes thereafter, the parties likely will be litigating this action in a different forum under different local rules with different procedures for discovery. As such, commencing discovery now, in a venue that both parties are challenging, would be a waste of time for all parties, and would be an inefficient use of this Court's judicial resources.

WHEREFORE, for the reasons set forth in Google's Memorandum of Law in Support hereof, Google respectfully requests that this Court issue an order staying all discovery and related pre-trial proceedings pending resolution of the parties' dispositive Motions.

DATED: July 30, 2008

Respectfully submitted,

GOOGLE INC.


By: /s/ Rachel M. Herrick
     One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

Rachel M. Herrick
(*Admitted Pro Hac Vice*)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000
(650) 801-5100 (fax)

Jonathan M. Cyrluk (ARDC No. 6210250)
STETLER & DUFFY, LTD
11 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 338-0200
(312) 338-0070 (fax)

Attorneys for Google Inc.

## **CERTIFICATE OF SERVICE**

      I, Rachel M. Herrick, an attorney, certify under penalty of perjury that I caused a copy of the forgoing document to be served on all counsel of record via the Court's CM/ECF online filing system this 30th day of July, 2008.

                                                                                 /s/ Rachel M. Herrick

22242/2585790.1