IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIMITNONE LLC, | ) | Hon. Blanche Manning |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-4178 |
| | ) | |
| vs. | ) | Magistrate Judge Cox |
| | ) | |
| GOOGLE INC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STAY DISCOVERY
<u>PENDING RESOLUTION OF THE PARTIES' DISPOSITIVE MOTIONS</u>**

**<u>INTRODUCTION</u>**

Defendant Google Inc. ("Google") respectfully moves this Court pursuant to Fed. R. Civ. P. 26(c) to stay discovery and further pre-trial proceedings in this action pending resolution of the potentially case-dispositive threshold issues of law raised by Google's concurrently filed Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer under 28 U.S.C. § 1404(a) ("Motion to Dismiss"), as well as by Plaintiff LimitNone LLC's ("LimitNone") anticipated Motion to Remand ("Motion to Remand").

As explained in Google's Motion to Dismiss, LimitNone has twice contractually agreed to bring any and all claims arising from its business relationship with Google in the courts situated in Santa Clara County, California.  Because LimitNone nevertheless filed this action in Cook County, Illinois, it should be dismissed for improper venue pursuant to Rule 12(b)(3), or in the alternative, transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

In addition, LimitNone has recently provided notice of its intention to seek leave to file a Motion to Remand this action to state court. While Google believes that LimitNone's anticipated Motion to Remand will fail given the preemptive federal question presented by LimitNone's suit, the pendency of this Motion provides yet a second reason to stay discovery while the Court considers the Motion.

Depending on how the Court rules on these Motions, and what actions LimitNone takes thereafter, the parties may well be litigating this action in a different forum under different local rules with different procedures for discovery. Commencing discovery now, in a venue that both parties are challenging, would be a waste of time for all parties and an inefficient use of this Court's judicial resources. Accordingly, discovery and further pre-trial proceedings should be stayed pending the Court's resolution of these outstanding Motions.

## PROCEDURAL HISTORY

On June 23, 2008, Plaintiff filed its Complaint in the Circuit Court of Cook County. On July 23, 2008, Google removed the Complaint to this Court, on the basis of federal question jurisdiction, because Plaintiff's unfair competition claim (815 ILCS 505 *et seq.*) is preempted by the Copyright Act, 17 U.S.C. § 301. (Dkt. No. 1.) On July 29, 2008, Plaintiff filed a Motion for Leave to file a Motion to Remand this action back to state court. (Dkt. No. 12.) On July 30, 2008, Google filed a Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer under 28 U.S.C. § 1404(a). Google's Motion to Dismiss is based on the fact that LimitNone contractually agreed to bring any suit regarding any and all disputes arising from its relationship with Google in the California courts, warranting dismissal of this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) (or alternatively, transfer to the Northern District of California pursuant to 28 U.S.C. § 1404(a)). Both of these Motions are

set for presentment on August 5, 2008 at 11:00 a.m. before this Court, as is the instant Motion to Stay Discovery.

## ARGUMENT

Given that both Google and LimitNone have filed or have sought leave to file motions that may well result in the dismissal or transfer of this action to another court, a temporary stay of discovery and other related pretrial proceedings pending the Court's resolution of these Motions is warranted and appropriate.

The decision to issue a stay rests within the sound discretion of the trial court. *Doe v. City of Chicago*, 360 F.Supp.2d 880, 881 (N.D. Ill. 2005) ("The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate."); *see also Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.12(3)(b) (3d ed. 2007) ("It makes little sense to try to fix schedules for future events in a case if a real prospect exists that an early motion would result in dismissal or in dramatic changes in the content or scope of the case.")

More specifically, a stay of discovery may be granted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression **or undue burden or expense**." FED. R. CIV. P. 26(c) (emphasis added); *see also Simstad v. Scheub,* 2008 WL 1914268, at *1 (N.D. Ind. Apr. 29, 2008) ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." (internal citations omitted)).

For example, courts often stay discovery pending resolution of a motion to dismiss or transfer based upon a forum selection clause. *See, e.g., Universal Communication Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413, 417 (1st Cir. 2007) (noting that district court had stayed discovery pending resolution of a motion regarding a forum selection clause); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (staying discovery pending resolution of motion to dismiss based upon a venue selection clause); *Sam Jin World Trading, Inc. v. CMA-CGM (America) Inc.*, 2004 WL 2496198, at *1 (S.D.N.Y. Nov. 3, 2004) (denying discovery because case was to be transferred due to forum selection clause); *Sokkia Credit Corp. v. Bush*, 2000 WL 1472746, at *3 (D. Kan. Aug. 18, 2000) (staying discovery pending resolution of motion to enforce forum selection clause). Similarly, discovery may be stayed during the pendency of a motion to remand. *See, e.g., Hubbard v. Edwards*, 2006 WL 2557904, *1 n.1 (M.D. Ga. Sept. 1, 2006) (noting that the court had stayed discovery pending resolution of a motion to remand).

Compelling reasons weigh in favor of a brief stay of discovery pending resolution of the parties' Motions.[1] If Google's Motion to Dismiss or Transfer is granted, the parties will proceed with litigating this case pursuant to different local rules and different procedures.[2] It would be inefficient and a waste of resources for the parties to work to conform their discovery efforts to the requirements of this Court, only to find that they have to re-do those efforts to meet the

---

[1] In this Court, a motion to stay discovery pending resolution of a motion to dismiss is disfavored, but will be granted upon a showing of compelling reasons. Case Mgmt Proc. No.136.

[2] Given both the federal Copyright Act preemption issue identified in Google's Notice of Removal, and the California choice of law provisions in the agreements LimitNone signed with Google (*see* Google's concurrently-filed Motion to Dismiss at p.3), it is very much an open question as to whether Plaintiff has stated any viable claims at all. Thus, it may well be that the parties will not only be litigating in another forum under different rules, but also that Plaintiff will have to proceed, if at all, on different claims.

requirements of a different court after dismissal or transfer. Similarly, though Google believes that LimitNone's anticipated Motion to Remand is ill-advised and ultimately will fail, the possibility exists that this action might not be litigated to conclusion in the Northern District of Illinois for that separate reason. Accordingly, a brief stay of discovery is proper to preserve the time and resources of both the parties and this Court.

Nor will Plaintiff be prejudiced by such a short delay. With this case in its infancy and no scheduling order in place, Plaintiff will have ample time to take discovery (here, or in another jurisdiction) once these Motions have been resolved. Nor does Google anticipate that LimitNone will even attempt to claim prejudice. During the parties' meet and confer efforts preceding the filing of this Motion to Stay, LimitNone itself suggested that a stay of discovery pending the resolution of its proposed Motion to Remand was appropriate, but only refused to stipulate to the stay because Google would not agree to LimitNone's *quid pro quo* request to stay briefing on Google's Motion to Dismiss.[3] Accordingly, in the absence of any prejudice to Plaintiff, and light

---

[3] During the parties' meet and confer discussions, LimitNone's counsel indicated its preference to have the briefing on Google's Motion to Dismiss stayed pending briefing and resolution of LimitNone's anticipated Motion to Remand. This is inappropriate. This Court can and should hear both Motions together. *See, e.g., Leto v. RCA Corp.*, 341 F. Supp. 2d 1001, 1003 (N.D. Ill. 2004) (considering together both a motion for remand and a motion for dismissal); *Higginbotham v. Baxter Intern., Inc.*, 2005 WL 1272271, at *1 (N.D. Ill. May 25, 2005) (considering motions to remand and dismiss in the same opinion). Indeed, the Court need only issue a ruling on LimitNone's Motion to Remand first if the Court intends to *grant* that Motion. *See Junction Solutions, LLC v. MBS DEV, Inc.*, 2007 WL 114306, at *2, 4 (N.D. Ill. Jan. 9, 2007) (considering motions to remand and dismissal simultaneously, and ruling on the motion to dismiss first); *Leto* 341 F. Supp. 2d at 1003. Because of the clear federal question presented by LimitNone's unfair competition claim alleging copying of its software product, Google believes the Court will ultimately deny LimitNone's anticipated Motion to Remand. As such, Google is entitled to swift consideration and disposition of its Motion to Dismiss or Transfer, especially where, as here, the Plaintiff has violated the terms of no less than two mandatory California forum selection clauses in bringing this action in Illinois.

of Google's demonstration of sufficient cause, Google respectfully submits that a stay of discovery is warranted.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court grant its motion for an order staying discovery and other related pretrial proceedings until Google's Motion to Dismiss and LimitNone's anticipated Motion to Remand are decided.

DATED: July 30, 2008

Respectfully submitted,

GOOGLE INC.

By: /s/ Rachel M. Herrick
     One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

Rachel M. Herrick
(*Admitted Pro Hac Vice*)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000
(650) 801-5100 (fax)

Jonathan M. Cyrluk (ARDC No. 6210250)
STETLER & DUFFY, LTD
11 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 338-0200
(312) 338-0070 (fax)

Attorneys for Google Inc.

## **CERTIFICATE OF SERVICE**

      I, Rachel M. Herrick, an attorney, certify under penalty of perjury that I caused a copy of the forgoing document to be served on all counsel of record via the Court's CM/ECF online filing system this 30th day of July, 2008.

                                                    /s/ Rachel M. Herrick