IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIMITNONE, LLC, a Delaware Limited Liability Company, | |
| Plaintiff, | Case No. 08-cv-04178 |
| v. | Honorable Blanche M. Manning |
| GOOGLE INC., a Delaware Corporation, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 4, 2008 MINUTE ORDER [DOCKET NO. 27]**

Pursuant to Fed.R.Civ.P. 59(e), LimitNone, LLC ("LimitNone") respectfully moves this Court to reconsider its Minute Order of August 4, 2008 [Docket No. 27] deferring a decision on the issue of subject matter jurisdiction (*i.e.,* remand) until after ruling on Google's motion to dismiss or transfer venue. First, relevant evidence was withheld from this Court. Google failed to advise this Court that Google expressly consented to venue and jurisdiction in Illinois, and thus, this Court was misled into believing that choice of venue is in issue in this case because. Second, controlling Seventh Circuit law was not applied. The law in this circuit establishes that the question of whether a federal court has jurisdiction to hear a matter is fundamental and should be considered <u>first</u>, before embarking the on the more complicated step of ruling on a motion to dismiss or to transfer venue because the later step presumes (perhaps incorrectly) subject matter jurisdiction. In support of its motion, LimitNone states as follows:

**I.     INTRODUCTION**

Google's Motion to Dismiss [Docket No. 17] – which was filed after LimitNone's Motion for Leave to File Motion to Remand [Docket No. 12] and in reliance on two

self-serving (though inapplicable) forum selection clauses included in two alleged contracts attached to the motion – created the misimpression that venue could lie in California, which made it deceptively attractive for this Court to be inclined to consider the issue. Accordingly, on August 4, 2008, this Court issued a Minute Order, which provided in pertinent part:

> The court will consider Google's motion to dismiss before Limitnone's motion to remand. … Limitnone's motion for leave to file a motion to remand is denied without prejudice. It is premature, since Limitnone has not fully complied with the court's standing order,[1] and in any event, the court declines to consider Limitnone's arguments about preemption unless and until it determines that venue is proper in Illinois. Limitnone may renew its motion if the court finds that venue is proper in Illinois.

[Docket No. 27].

Google was not forthright in its motion, however, and its venue argument is without merit. To the extent that any forum selection clause governs venue in this matter,[2] it would be the forum selection clause found in an agreement that is not even referenced in, let alone attached to, Google's motion; namely, the LimitNone Inc. End User License Agreement and Warranty Disclosure ("LimitNone License Agreement", attached hereto as Exhibit A.)[3] The LimitNone License Agreement is not only the most recent agreement between Google and LimitNone and by its express terms "superseded" any earlier agreements, but it also relates most

---

[1] LimitNone apologizes to this Court if LimitNone did not comply fully with the Court's Standing Order for motions to remand. LimitNone believed that it had complied with the letter and spirit of the required sequential procedure. Prior to filing its motion seeking leave to file a motion to remand, LimitNone's counsel did communicate with this Court's staff – who were accessible and helpful – to ensure that LimitNone's counsel was in compliance. LimitNone now understands that its error was that its motion did not state that the parties had *already* conducted the required conference with opposing counsel prior to filing – instead, the motion for leave stated that the parties were going to meet and confer because LimitNone believed that filing the motion for leave (indicated as step "(a)" in the Standing Order) necessarily would precede the letter exchange (step "(b)") and the conference (step "(c)"). LimitNone's counsel did not appreciate, however, that this Court permits a party to notice a motion without actually filing or providing opposing counsel with the motion for leave itself. In any event, in its Supplement to the Motion for Leave to File the Motion to Remand [Docket No. 26], LimitNone did state, in the proper sequential order, its compliance with the Court's Standing Orders by indicating that the required exchanges and conference had occurred, and thus this Court's requirements have all been met and the motion for remand ripe is for consideration.

[2] LimitNone does not assert a claim for breach of contract, and therefore LimitNone does not believe that venue in this matter is dictated by any forum selection clause.

[3] Attached is a screen shot of the first page of the click-through agreement and a reproduction of the full text of the electronic version of the agreement that resides on the gMove software.

closely to the subject matter of LimitNone's Complaint. No doubt, Google omitted mention of this agreement because it provides for exclusive venue and jurisdiction in Illinois. (*See Id.*, "General" Section, of Agreement.)

At a minimum, the interpretation, construction and application of these competing agreements and their forum selection clauses is a complex task; one which the Court should not undertake prior to determining subject matter jurisdiction over the Complaint. Under established Seventh Circuit law, this Court should determine whether or not it possesses subject matter jurisdiction <u>before</u> moving on to consider dismissal or transfer based on venue. The rationale for this approach is simple: it avoids the procedural and constitutional quagmire that results if a federal court that has no subject matter jurisdiction issues a ruling that dismisses or transfers a cases duly filed in state court. Not only is this progression required under the governing case law, it is the most equitable, since Google is in no way prejudiced by having this Court decide the elemental issue of jurisdiction and remand first. Furthermore, it is the most practical procedural step and will save the parties and this Court from expending time and resources on an issue that is or may be moot anyway. Therefore, LimitNone respectfully requests that this Court reconsider its Minute Order of August 4, 2008, and order briefing and arguments on LimitNone's Motion to Remand, before considering Google's Motion to Dismiss.

## II.    PROCEDURAL HISTORY

1. On June 23, 2008, LimitNone filed a Complaint against Google in the Circuit Court of Cook County, Illinois, County Department, Law Division, for violations of the Illinois Trade Secret Act, 765 ILCS 1065/1-9 *et seq.,* (Count I), and Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, (Count II). The Complaint seeks monetary and injunctive relief, as expressly provided under the two Illinois statutory causes of action.

2. Google filed a petition for removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, on July 23, 2008.

3. It its petition for removal, Google stated that this action arose under federal question jurisdiction and that the action was removable to the U.S. District Court, Northern District of Illinois, under the provisions of 28 U.S.C. §1441, even though no federal claim is alleged.

4. On July 29, 2008, LimitNone filed its Motion For Leave To File Motion To Remand [Docket No. 12]. On August 1, 2008, LimitNone filed its Supplement To Motion For Leave To File Motion To Remand, certifying that it had fully complied with this Court's standing order regarding motions to remand [Docket No. 26].

5. In its Motion for Leave to File Motion to Remand, LimitNone asserts that this cause of action is not subject to the original jurisdiction of this Court under the provisions of 28 U.S.C. §1331. LimitNone further contends that there are no separate and independent claims or causes of action that would be removable if sued on alone. *See* Motion For Leave To File Motion To Remand [Docket No. 12].

6. On July 30, 2008, Google filed its Motion to Dismiss [Docket No. 17]

7. On August 4, 2008, this Court entered an order stating that the "the court will consider Google's motion to dismiss before LimitNone's motion to remand." Minute Order, [Docket No. 27]. The Court went on to state that it "declines to consider LimitNone's arguments about preemption unless and until it determines if venue is proper in Illinois." *Id*.[4]

---

[4] The Court also found that LimitNone had not fully complied with this Court's standing order before filing its Motion For Leave To File Motion For Remand. However, at the time of the filing of this Motion to Reconsider, LimitNone has fully complied with the Court's standing order and stands ready to re-file its Motion For Leave To File Motion For Remand, *Instanter*.

III. **ARGUMENT**

A. <u>**This Motion to Reconsider Seeks to Correct an Error of Law**</u>

A motion for reconsideration is governed by Fed.R.Civ.P. 59(e).[5] The grounds for a Rule 59(e) motion include "newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). It is the duty of the moving party to "clearly establish" that a manifest error of law has occurred. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). The law governing motions to reconsider is designed to enable "a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). LimitNone respectfully submits that reconsideration is appropriate here because evidence (*i.e.,* the Illinois forum selection clause) was withheld from this Court and because controlling law was not considered in connection with a procedural Minute Order that, upon reflection, has profound substantive impact.

B. <u>**The Court Must Determine if it Has Subject Matter Jurisdiction Before Addressing Google's Motion to Dismiss**</u>

"[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is [fundamentally preliminary]". *Leroy v. Great W. United Corp.*, 443 US 173, 180 (1979).[6] "Federal courts are courts of limited jurisdiction. They possess

---

[5] Rule 59(e) requires that motions to alter or amend a judgment must be filed within ten days following the entry of an order. Pursuant to Rule 6(a), when computing time, the day of the entry of the judgment is not included and when the amount of time proscribed is less than 11 days, intermediate Saturdays and Sundays shall be excluded. The Minute Order was entered on August 4, 2008 [Docket No. 27] and thus, ten days later not including intermediate Saturdays and Sundays is August 15, 2008.

[6] This principle, that subject matter jurisdiction must be determined prior to other matters, including venue, has been expressly adopted by at least five of the Circuits in the United States including: (1) District of Columbia Circuit, *Hoffman v. Fairfax Co Redevelopment and Housing Authority*, 276 F.Supp.2d 14 (D.DC 2003); (2) First Circuit, *Dantes v. Western Foundation Corp. Ass'n*, 614 F.2d 299 (1st Cir. 1980); (3) Third Circuit, *Tif Ltd. v. Republic of Ghana*, 692 F.Supp. 393 (D.NJ 1988); (4) Sixth Circuit, *Strategic Assets, Inc. v. Federal Express Corp.*, 190 F.Supp.2d 1065 (M.D.TN 2001); (5) Eighth Circuit, *Klett v. Pim*, 965 F.2d 587 (8thCir.1992). The Seventh

only that power authorized by Constitution and statute which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (additional and internal citations omitted). Following a removal from state court, federal law dictates an immediate review by the federal district court. A federal court "has an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case." *Smith v. Am. Gen. Life & Accident Ins. Co.,* 337 F.3d 888, 892 (7th Cir. 2003). "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §1446(c).

Pursuant to §1446(c), the district court must promptly examine the four corners of the complaint to establish whether jurisdiction before the court is appropriate. In addition, federal statute requires a district court to "order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice shall require" where the federal court is unable to establish on the face of the complaint that it has jurisdiction to entertain the claims. 28 U.S.C. § 1446(c)(5). Here, no such examination of the Court's jurisdiction has taken place and no evidentiary hearing has been ordered. The basis for federal jurisdiction does not appear on the face of the Complaint. LimitNone has attempted to bring this issue before the Court through its Motion for Leave to File Motion to Remand, and thereafter

---

Circuit has also adopted this holding, though not expressly, in several cases. *See First Nat'l Bank v. United Airlines, Inc.*, 190 F.2d 493, 496 (7th Cir.1951) ("Unfortunately here the District Court has no jurisdiction of the subject matter, hence it had no power to transfer the case to another court."); *Zenith Elecs. Corp., v. Kimball Int'l Mfg., Inc.*, 114 F.Supp.2d 764 (N.D.Ill. 2000) ("the first question for consideration is whether this court has jurisdiction" in considering a motion to remand back to state court and a motion to dismiss/transfer for improper venue).

Google followed by filing its Motion to Dismiss after removing the case to federal court. Thereafter, the Court, without allowing for consideration of the propriety of the removal, set a briefing schedule on the Motion to Dismiss, and foreclosed the possibility of allowing for a jurisdictional analysis prior to the ruling on the Motion to Dismiss.

Subject matter jurisdiction is the cornerstone of this Court's authority to determine the proper venue for this matter. *See In re Nat'l Labor Relations Bd.*, 304 U.S. 486, 494 (1938) ("Jurisdiction … is the power to hear and determine the controversy presented, in a given set of circumstances."). Without first establishing subject matter jurisdiction, a district court may not transfer an action unless and until it determines that subject matter jurisdiction is proper. *Klett v. Pim*, 965 F.2d 587, 591 n7 (8th Cir. 1992) ("a court without subject matter jurisdiction cannot transfer a case to another court.") (citing *First Nat'l Bank v. United Air Lines, Inc.*, 190 F.2d 493, 496 (7th Cir. 1951), rev'd on other grounds) (additional citations omitted). In this case, Google alleges that this Court may exercise federal question subject matter jurisdiction on the basis that the Copyright Act preempts the Illinois state statutory claims of LimitNone. LimitNone objects to Google's attempt to shoehorn its claims into the purview of the Copyright Act and denies that this Court has subject matter jurisdiction over the Complaint.

The burden of establishing proper subject matter jurisdiction falls on Google, who removed this case from the Circuit Court of Cook County to the District Court for the Northern District of Illinois. *Kokkonen*, 511 U.S. at 377. Google has not established that this Court has subject matter jurisdiction. Rather, it has asked the Court to look past the fundamental question of jurisdiction, which was obviously in dispute at the time of the filing of Google's Motion to Dismiss given the prior filing of LimitNone's Motion for Leave to File Motion to Remand, to

allow for dismissal or transfer of the case based on improper venue.[7] Google asks this Court to place venue before jurisdiction. However, without jurisdiction, there is no basis of authority for the Court to decide venue, interpret competing contractual clauses or to hold that LimitNone's claims properly belong in California.

"If the court lacks subject matter jurisdiction over the action, it must remand the action to the state court. Dismissal under such circumstances would appear to be inappropriate." 29A Fed. Proc., L.Ed. § 69:146, *citing* 28 U.S.C. §1447(c); *International Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72 (1991), on remand to 1991 WL 213903 (E.D.La. 1991); *Maine Ass'n of Independent Neighborhoods v. Commissioner, Maine Dept. of Human Services*, 876 F.2d 1051 (1st Cir. 1989). In addition, the Seventh Circuit Court of Appeals has instructed that the district court should immediately decide whether the court has jurisdiction following removal. *See Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986) (stating that "federalism concerns tip the scales in favor of initially ruling on the motion to remand" where a district court noted that neither subject matter nor personal jurisdiction was more convenient.); *McIntyre v. Fallahay*, 766 F.2d 1078, 1082 (7th Cir. 1985) ("The court therefore has construed removal statutes narrowly in order to protect state interests."); *Zenith Elecs. Corp., Kimball Int'l Manufacturing, Inc.*, 114 F.Supp.2d 764 (N.D. Ill. 2000) (the court must first determine whether it has subject matter jurisdiction when faced with a motion to remand and a motion to dismiss based on improper venue).

In fact, this Court has previously recognized the necessity of addressing the propriety of removal at the very outset of the case in *Benson v. SI Handling Systems, Inc.*, No. 99 C 1797, 1999 WL 182157 (N.D.Ill. March 25, 1999) (J. Manning). In *Benson*, this Court

---

[7]     Google alleges that venue is improper based on a forum selection clauses of two tangentially related agreements of parties, one of which was never even signed by Google and both of which, even if they are valid and enforceable, were superseded by the subsequent agreements entered into by the parties.

immediately examined the propriety of the removal issue, *sua sponte*. *Id.* at *1. The Court stated that "the matter is before the Court pursuant to § 1446(c)(4) "which requires the court to examine notices of removal to determine if removal is proper." *Id.* The Court further stated: "[s]ubject matter jurisdiction must exist based on the complaint as it existed at the time the defendant filed its petition for removal." *Id.*, *citing Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997). Finding that the defendants had failed to establish federal diversity jurisdiction, the Court *sua sponte* remanded the case to state court. *Benson*, 1999 WL 182157 at *1. This Court also reiterated the standard that a defendant bears the burden of establishing federal jurisdiction in a removed action. *Id.* (referencing federal diversity jurisdiction), *citing Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

The Court should hold Google to the same standard it has applied in the past and require Google to demonstrate that this Court has subject matter jurisdiction. Simply stated, the law requires that Google establish subject matter jurisdiction before the Court may consider venue. As matters currently stand, by proceeding with the Motion to Dismiss and denying the Motion for Leave to File the Motion to Remand, without prejudice (for failure to comply with the Court's Standing Orders),[8] the Court is committing a manifest error of law.

### IV.    CONCLUSION

LimitNone prays that this Court reconsider its Minute Order of August 4, 2008, and allow briefing and arguments on remanding this cause to the Circuit Court of Cook County, Illinois, before considering Google's Motion to Dismiss.

---

[8]    As stated in its Supplement to the Motion for Leave to File Motion to Remand [Docket No. 26], LimitNone has now fully complied with the Court's standing order and stands ready to re-file its Motion for Leave to File Motion to Remand, *Instanter*.

WHEREFORE, LimitNone respectfully requests that the Court:

(a)  Grant LimitNone's Motion For Reconsideration;

(b)  Grant LimitNone Leave to File its Motion to Remand;

(c)  Stay the briefing and/or ruling on Google's Motion to Dismiss; and

(d)  In the alternative, if the Court denies the Motion for Reconsideration, enter an order indicating that LimitNone is allowed to file its Motion to Remand at a time beyond the deadline set by rule, August 22, 2008, in the event that the court does not dismiss or transfer the matter based on venue.

Dated: August 13, 2008

/s/ Matthew C. Luzadder
One of the Attorneys for Plaintiff,
LIMITNONE, LLC

David A. Rammelt (#6203754)
Caroline C. Plater (#6256076)
Matthew C. Luzadder (#6283424)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL  60606
(312) 857-7070

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby deposes and states that he caused the foregoing *Plaintiff's Motion For Reconsideration of the Court's August 4, 2008 Minute Order* to be electronically filed with the Clerk of the Court on August 13, 2008, using the ECF system, and served on all parties via the ECF system, pursuant to LR 5.9, as to Filing Users and in accord with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


 s/ Matthew C. Luzadder
Matthew C. Luzadder

# Exhibit A

CH01/PLATC/210357.1

gMOVE

# License Agreement

**LIMIT NONE**

Please take a moment to read the license agreement now. If you accept the terms below, click "I Agree", then "Next". Otherwise click "Cancel".

**LIMITNONE Inc. END USER LICENSE AGREEMENT AND WARRANTY DISCLAIMER**
gMOVE

NOTICE: This is a legally binding contract between you, the end user, and LIMITNONE Inc..

LIMITNONE Inc. ("LimitNone" or "LICENSOR") LICENSES THE ENCLOSED SOFTWARE TO YOU ("USER" or "LICENSEE")



○ I Do Not Agree    ○ I Agree

[ Cancel ]    [ < Back ]    

LIMITNONE Inc. END USER LICENSE AGREEMENT AND WARRANTY DISCLAIMER
gMOVE

NOTICE:  This is a legally binding contract between you, the end user, and LIMITNONE Inc..

LIMITNONE Inc. ("LimitNone" or "LICENSOR") LICENSES THE ENCLOSED SOFTWARE TO YOU ("USER" or "LICENSEE") ONLY UPON THE CONDITION THAT YOU ACCEPT ALL OF THE TERMS CONTAINED IN THIS LICENSE AGREEMENT. PLEASE READ THE TERMS CAREFULLY.  BY OPENING THIS PACKAGE, BREAKING THE SEAL, CLICKING ON THE "AGREE" OR "YES" BUTTON OR OTHERWISE INDICATING ASSENT ELECTRONICALLY, OR LOADING THE SOFTWARE, YOU AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.  IF YOU DO NOT AGREE TO THESE TERMS AND CONDITIONS, CLICK ON THE "I DO NOT AGREE", "NO" BUTTON, OR MAKE NO FURTHER USE OF THE SOFTWARE. IF YOU DO NOT AGREE TO THESE TERMS, THEN LIMITNONE IS UN-WILLING TO LICENSE THE SOFTWARE TO YOU, IN WHICH EVENT YOU SHOULD RETURN THE FULL PURCHASED PRODUCT WITH PROOF OF PURCHASE TO LICENSOR OR THE DEALER FROM WHOM IT WAS ACQUIRED WITHIN 15 DAYS OF PURCHASE, AND YOUR MONEY WILL BE REFUNDED.

LICENSE AND WARRANTY:
The software that accompanies this license, including the clip art and images (collectively, the "Software") is the property of LimitNone or its licensors, and is protected by copyright and other intellectual property law. Although LimitNone at all times owns the Software, you will have certain rights to use the Software after your acceptance of this license. Except as may be modified by an addendum which may accompany or be added to this license, Your rights and obligations with respect to the use of this Software are as follows:

You may:
(i) use one copy of the specified edition of Software and documentation on a single computer, and only by one user for one email address. If you have purchased multiple licenses for the Software, as indicated as "Quantity" or "Number of Licenses" on the invoice, Quotation or electronic confirmation issued by LimitNone or its Resellers, then at any time you may have as many copies of the Software in use as you have licenses.  The Software is "in use" on a computer when it is loaded into the temporary memory (i.e. RAM) or installed into the permanent memory (e.g. hard disk, CD-ROM, or other storage device) of that computer;
(ii) use the Software on a network, provided that Licensee has a licensed copy of the Software for each computer that can access the Software over that network;
(iii) make one copy of the Software for archival purposes, or copy the Software onto the hard disk of Your computer and retain the original for archival purposes;
(iv) after written notice to LimitNone, transfer the Software on a permanent basis to another person or entity, provided that you retain no copies of the Software and the transferee agrees to the terms of this agreement;

You may not:
(i) rent, lease, copy, distribute, license, or otherwise transfer the Software or its documentation to

any other party. Licensee may make a reasonable number of back-up copies for archival purposes only. The Software contains copyrighted material, trade secrets and other proprietary material. If Licensee has the right to duplicate the Software for multiple Users, then Licensee must reproduce on all such copies of the Software the copyright notices and any other proprietary legends that were on the original copy of the Software; or
(ii) decompile, reverse engineer, disassemble, translate, make any attempt to discover the source code of the Software or otherwise reduce the Software to a human perceivable form, or modify, network, or create derivative works based upon the Software or the documentation in whole or in part, nor permit any other party to do so.

Notwithstanding anything herein, if the Software is lawfully acquired outside of the United States within a jurisdiction which is a member of the European Union subject to the EEC Council Directive 91/250/EEC of May 14, 1991, Licensee agrees that within that jurisdiction it shall not, and shall not allow any party on Licensee's behalf to, attempt to reverse engineer or decompile the Software into another computer language, except as expressly and specifically provided in the EEC Council Directive 91/250/EEC of May 14, 1991. Any and all information obtained during such lawful reverse engineering and/or decompiling activities, including but not limited to, the organization, logic, algorithms and processes of the Software, shall be deemed to be the confidential and proprietary information of LimitNone or its Licensors. Licensee shall not make copies of the copyrighted Software documentation without the prior written permission of LimitNone provided that for electronic transactions. Licensee may make one (1) hard copy of such documentation for each User.

Intellectual Property and Duplication of Software:
The Software contains copyrighted material, trade secrets and other proprietary material. If Licensee has the right to duplicate the Software for multiple Users, then Licensee must reproduce on all such copies of the Software the copyright notices and any other proprietary legends that were on the original copy of the Software.

Technical Support:
Licensee must register the Software in order to be eligible for free technical support (limited to installation and registration of the product) during the first 30 days after purchase. Use of technical support services is governed by the terms and conditions outlined in the Support Packages Agreement.

Export Law Assurances:
You are responsible for complying with all trade regulations and laws both foreign and domestic. You acknowledge that none of the Software or underlying information or technology may be downloaded or otherwise exported or re-exported (i) into Afghanistan (Taliban-controlled areas), Cuba, Iran, Iraq, Libya, North Korea, Serbia (except Kosovo), Sudan and Syria or any other country subject to a U.S. embargo; or (ii) to anyone on the U.S. Treasury Department's list of Specially Designated Nationals or the U.S. Commerce Department's Denied Parties List or Entity List. By using the Software you are agreeing to the foregoing and are representing and warranting that (i) no U.S. federal agency has suspended, revoked, or denied you export privileges, (ii) you are not located in or under the control of a national or resident of any such country or on any such list, and (iii) you will not export or re-export the Software to

any prohibited county, or to any prohibited person, entity, or end-user as specified by U.S. export controls as defined by EAR, 15 C.F.R. Parts 730-774, and BXA (http://www.bxa.doc.gov).

Data Collection and Privacy Policy:
You acknowledge and agree that LimitNone may collect and retain information about you, such as your name, address, and e-mail address. You also understand that LimitNone may employ other companies to perform functions on our behalf, such as fulfilling orders, delivering packages, sending postal mail and e-mail, providing marketing assistance, and processing credit card payments. These companies may have access to personal information needed to perform their functions, and may not use such information for other purposes. By assenting to this agreement, you agree that you have read and understand our Privacy Policy. For more detailed information, http://www.mindjet.com/us/privacy.php.

Termination:
This License is effective until terminated. Licensee may terminate this License at any time by destroying all copies of the Software and its documentation. This License will terminate immediately without notice from LimitNone if Licensee fails to comply with any provision of this License. Upon termination, Licensee must destroy all copies of the Software and its documentation and cease and desist from any further use of the Software.

Limited Warranty:
LimitNone warrants that the media on which the Software is distributed will be free from defects, and that the Software shall perform substantially as described in its documentation for a period of sixty (60) days from purchase. Your sole remedy in the event of a breach of this warranty will be that LimitNone will replace any defective media returned to LimitNone within the warranty period. LimitNone does not warrant that the Software will meet your requirements or that operation of the Software will be uninterrupted or that the Software will be error-free.

THE ABOVE WARRANTY IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NONINFRINGEMENT OF INTELLECTUAL PROPERTY RIGHTS. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE AND COUNTRY TO COUNTRY.

Disclaimer of Damages:
REGARDLESS OF WHETHER ANY REMEDY SET FORTH HEREIN FAILS OF ITS ESSENTIAL PURPOSE, IN NO EVENT WILL LIMITNONE, ITS RESELLERS OR ITS LICENSORS BE LIABLE TO YOU FOR ANY SPECIAL, CONSEQUENTIAL, INDIRECT OR SIMILAR DAMAGES, INCLUDING ANY LOST PROFITS OR LOST DATA ARISING OUT OF THE USE OR INABILITY TO USE THE SOFTWARE EVEN IF LIMITNONE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. SOME STATES DO NOT ALLOW THE LIMITATION OR EXCLUSION OF LIABILITY FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU. IN NO CASE SHALL LIMITNONE'S, IT'S RESELLER'S OR ITS LICENSOR'S LIABILITY EXCEED THE PURCHASE PRICE FOR THE SOFTWARE.

SOME STATES AND COUNTRIES, INCLUDING MEMBER COUNTRIES OF THE EUROPEAN ECONOMIC AREA, DO NOT ALLOW THE LIMITATION OR EXCLUSION OF LIABILITY FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU.

The disclaimers and limitations set forth above will apply regardless of whether You accept the Software.

U.S. Government Restricted Rights:
DISTRIBUTION TO THE U.S. GOVERNMENT. This Software is commercial software developed exclusively at private expense. This Software and the documentation are provided with "RESTRICTED RIGHTS" applicable to private and public licenses alike. Use, duplication, or disclosure by civilian agencies of the U.S. Government shall be in accordance with the Commercial Computer Software-Restricted Rights clause at FAR 52.227-19. Use, duplication, or disclosure by Department of Defense agencies is subject solely to the terms of this software licensing agreement pursuant to DFARS 227.7202. Contractor/manufacturer of the Software is LimitNone Inc., 125 E. Sir Francis Drake Blvd., 4th Floor, Larkspur, Illinois, USA 94939.

General:
This Agreement shall be governed by the laws of the State of Illinois, without giving effect to principles of conflict of laws. You hereby consent to the exclusive jurisdiction and venue of the state courts sitting in Lake County, Illinois or the federal courts in the Northern District of Illinois to resolve any disputes arising under this Agreement. This Agreement contains the complete understanding between the parties with respect to the subject matter hereof, and supersedes all prior or contemporaneous Agreements or understandings, whether oral or written. You agree that any varying or additional terms contained in any purchase order or other written notification or document issued by you in relation to the Software licensed hereunder shall be of no effect. No provision hereof shall be deemed waived or modified except in writing. No LimitNone dealer, agent or employee is authorized to make any amendment to this Agreement.

The intellectual property protections, the disclaimers of warranties, and the limitation of damages shall survive termination. The failure or delay of LimitNone to exercise any of its rights under this Agreement or upon any breach of this Agreement shall not be deemed a waiver of those rights or of the breach. If any provision of this Agreement is held invalid, the remainder of this Agreement will remain in full force and effect.

Should you have any questions concerning this Agreement, or if you desire to contact LimitNone for any reason, please write to: LimitNone Inc., 2033 Milwaukee Ave. Suite 225, Riverwoods, IL 60015.