IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIMITNONE LLC, | ) | |
| | ) | Case No. 08-cv-04178 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Hon. Blanche M. Manning |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFF LIMITNONE LLC'S
MOTION FOR RECONSIDERATION OF AUGUST 4, 2008 MINUTE ORDER
[DOCKET NO. 27]**

Plaintiff LimitNone LLC's Motion for Reconsideration of this Court's August 4, 2008 Minute Order is without merit and should be denied.  First, LimitNone's Motion, brought under Federal Rule of Civil Procedure 59(e), is procedurally improper because this Rule applies solely to final judgments, and may not be invoked to request reconsideration of an interlocutory minute order like the one at issue here.  Second, United States Supreme Court precedent confirms that a district court may choose to decide venue-related motions prior to determining whether it has subject matter jurisdiction.  Thus, this Court's election to hear Google's Motion to Dismiss for Improper Venue prior to hearing LimitNone's anticipated (but as-yet-unfiled) Motion to Remand was a proper exercise of this Court's discretion.  LimitNone's Motion for Reconsideration should be denied.

**PROCEDURAL BACKGROUND**

On June 23, 2008, Plaintiff filed its Complaint in the Circuit Court of Cook County.  On July 23, 2008, Google removed the Complaint to this Court, on the basis of federal question jurisdiction, because Plaintiff's unfair competition claim (815 ILCS 505 *et seq.*) is preempted by the Copyright Act, 17 U.S.C. § 301.  (Dkt. No. 1.)  On July 29, 2008, Plaintiff filed a Motion for Leave to file a Motion to Remand this action back to state court.  (Dkt. No. 12.)  On July 30,

2008, Google filed a Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3) or, in the Alternative, Motion to Transfer under 28 U.S.C. § 1404(a).  Google's Motion to Dismiss is based on the fact that LimitNone contractually agreed to bring any suit regarding any and all disputes arising from its relationship with Google in the California courts, warranting dismissal of this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) (or alternatively, transfer to the Northern District of California pursuant to 28 U.S.C. § 1404(a)).

On August 4, 2008, this Court entered a Minute Order denying without prejudice LimitNone's Motion for Leave on the basis that LimitNone had failed to comply with the Court's Standing Order.  (Dkt. No. 27.)  The Court further stated that it "will consider Google's motion to dismiss before LimitNone's motion to remand," and instructed that "LimitNone may renew its motion [for leave to file a motion to remand] if the Court finds that venue is proper in Illinois." *Id.*

On August 13, 2008, LimitNone filed a Motion for Reconsideration of the August 4 Minute Order, arguing that this Court committed a manifest error of law in electing to hear Google's Motion to Dismiss for Improper Venue prior to hearing LimitNone's anticipated Motion to Remand.  (Dkt. No. 30.)

## ARGUMENT

LimitNone's Motion for Reconsideration is procedurally improper, and moreover, binding Supreme Court precedent authorizes this Court's election to determine whether venue is proper in Illinois prior to hearing a motion to remand.  LimitNone's Motion should be denied.

### I. LimitNone's Motion Should Be Summarily Denied Because Rule 59(e) Applies Only to Requests for Reconsideration of a Final Judgment.

LimitNone's Motion is procedurally improper because it was brought under Federal Rule of Civil Procedure 59(e), which solely governs motions to alter or amend a *judgment*. A "judgment" is a final and appealable order resolving a legal action. *See* Fed. R. Civ. P. 54(a). Rule 59(e) does **not** authorize a request for reconsideration of an interlocutory minute order like the one at issue here. *Schmude v. Sheahan*, 2004 WL 887376, at *4-5 (N.D. Ill. April 23, 2004) ("The opinion and order of March 29, 2004 is not a judgment as defined by Federal Rule of Civil Procedure 54(a), and as such [is] outside the purview of Rule 59(e). The opinion and order of March 29, 2004 is an interlocutory order . . . . As such, relief under Rule 59(e) is inappropriate"). LimitNone's own cited cases confirm this fact. *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998), involved a motion for reconsideration of a post-jury verdict denial of judgment as a matter of law. Similarly, *Harrington v. City of Chicago*, 433 F.3d 542, 545 (7th Cir. 2006), concerned a "motion to vacate" a final dismissal of an action for want of prosecution, and *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 748 (7th Cir. 1995), involved a Rule 59(e) motion brought after entry of judgment.

There is no rule or statute authorizing motions for reconsideration like the one LimitNone has brought here. *See Fisher v. Samuels*, 691 F. Supp. 63, 74 (N.D. Ill. 1988) ("[m]otions for reconsideration are neither cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of this District."); *see also F/H Industries, Inc. v. National Union Fire Insurance Co.*, 116 F.R.D. 224, 225 (N.D. Ill. 1987) (same). LimitNone is thus attempting to invoke an inapplicable Rule to obtain a remedy that is unavailable to it.[1] LimitNone's Motion for Reconsideration should be denied without more.

---

[1] While some courts allow such motions under a "common law basis," even those motions are disfavored. *See Branson v. West*, 1999 WL 415516, at *1 (N.D. Ill. June 4, 1999); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (situations calling for reconsideration "rarely arise and the motion to reconsider should be

3

**II. Even Assuming LimitNone's Motion is Procedurally Proper, LimitNone Has Failed to Carry its Heavy Burden of Demonstrating That Reconsideration of the Court's Minute Order is Warranted.**

Even if LimitNone could bring its Motion for Reconsideration under Rule 59(e) (which it cannot), LimitNone has failed to demonstrate any "newly discovered evidence," "intervening change in the controlling law" or "manifest error of law," as it must to warrant reconsideration under Rule 59(e). *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). LimitNone's motion should be denied for this reason as well.

**A. LimitNone Has Presented No Newly Discovered Evidence.**

LimitNone points to a click-wrap End User License Agreement ("EULA") allegedly built into certain versions of its gMove software, but stops short of arguing that the EULA is "newly discovered evidence." That is for good reason. Plainly, LimitNone did not just discover its own EULA, allegedly included in its own gMove software, in the nine-day window between the Court's issuance of its August 4 Minute Order and LimitNone's filing of its Motion for Reconsideration on August 13. Indeed, LimitNone's own Complaint references the EULA. *See* Complaint ¶ 31; *see also* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, Docket No. 36, at 5 (alleging that the EULA "was first entered into on September 23, 2007"). The EULA is not new evidence, and does not provide a basis for reconsideration of the August 4 Minute Order.[2]

---

equally rare"); *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (the "[c]ourt's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"); *E.E.O.C. v. International Profit Associates, Inc.*, 2008 WL 485130, at *1 (N.D. Ill. Feb. 22, 2008) (motions for reconsideration "are disfavored").

[2] LimitNone's claim that Google somehow "withheld" the EULA is specious. *See* Motion for Reconsideration at 1. The EULA is *LimitNone's* agreement, which LimitNone itself argues is irrelevant to the venue issue raised in Google's Motion to Dismiss based upon two binding forum selection clauses. *Id.* at 2, n. 2 (**"LimitNone does not believe that venue in this matter is dictated by any forum selection clause."** (emphasis added)). If anything, the EULA is relevant to—and supports—Google's removal of this action based on Copyright Act preemption.

4

### B. There Has Been No Change In The Controlling Law.

LimitNone makes no attempt to argue that there has been a change in the controlling law during the nine-day window between the Court's August 4 Minute Order and LimitNone's August 13 Motion for Reconsideration—nor has there been such a change.

### C. The August 4 Minute Order Was Not Error At All, Let Alone Manifest Error.

LimitNone claims that this Court's decision to hear Google's Motion to Dismiss before LimitNone's anticipated (though as-yet-unfiled) Motion for Remand was "manifest error." LimitNone is incorrect. The United States Supreme Court has expressly authorized District Courts to hear forum and venue motions before deciding subject matter jurisdiction motions such as a motion for remand.

In *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, the Supreme Court considered a case involving preliminary questions of both jurisdiction and venue, and held that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits". 127 S.Ct. 1184, 1191 (2007) (internal cites omitted). More specifically, the Court held that jurisdictional questions need ***not*** be reached for a court to first determine whether dismissal was appropriate on venue grounds, and reversed the Third Circuit's determination to the contrary. In so holding, the Court observed:

> A *forum non conveniens* dismissal denies audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere. . . . [and] is a non-merits ground for dismissal. [Internal citations omitted] A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject matter and personal jurisdiction, when considerations of convenience, fairness and judicial economy so warrant.

*Id.* at 1192. Indeed, not only *may* courts determine venue questions before jurisdictional questions, the Supreme Court here indicated that courts *should* consider venue questions first if

---

*See* Docket No. 30, Ex. A (EULA stating that "The Software contains copyrighted material . . .").

such consideration would promote judicial economy. *Id.* at 1194 ("where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course"); *see also Intec USA LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006) (disagreeing with the notion that "subject matter jurisdiction always must be resolved ahead of" forum motions and predicting the outcome of the *Sinochem* opinion while certiorari was pending). *Sinochem* confirms that the Court's August 4 Minute Order was a valid and proper exercise of its discretion.

Since *Sinochem* was decided, various district courts have employed the *Sinochem* rule in similar circumstances, holding that venue questions may be resolved before subject matter jurisdiction questions. For example, in *Fixture Specialists, Inc., v. Global Construction Company, L.L.C.*, defendants removed a state court action to the Eastern District of Virginia on diversity grounds. 2007 WL 3468997, at *1 (E.D. Va. Nov. 14, 2007). Subsequently, defendants moved to dismiss based on a forum selection clause and plaintiff moved for remand on the theory that the parties were non-diverse, and thus, that subject matter jurisdiction was lacking. *Id.* Citing *Sinochem*, the court observed that "a district court may dismiss a suit on the basis of a forum-selection clause without addressing whether it has jurisdiction over the parties," and transferred the action to an appropriate venue without reaching the jurisdiction question. *Id.* at *1-2; *see also Israel Discount Bank Ltd. v. Schapp*, 505 F. Supp. 2d 651, 657-58 (C.D. Cal. 2007) (finding it "the more prudent course, and in line with *Sinochem*, to consider the factors that weigh in favor of or against a dismissal on the ground of *forum non conveniens*" before endeavoring to determine whether removal to federal court was appropriate); *MBI Group, Inc. v. Credit Foncier du Cameroun*, ___ F.Supp.2d ___, 2008 WL 2345347, at *6 (D.D.C. June 10, 2008) ("In this instance, because the Court concludes that this case should be dismissed on *forum*

6

*non conveniens* grounds, the Court declines to reach the questions of subject matter and personal jurisdiction posed by defendants.").

Similarly here, this Court's decision to resolve Google's Motion to Dismiss for Improper Venue before reaching LimitNone's anticipated motion to remand was not error, much less "manifest error." Reconsideration of the Court's proper exercise of its discretion to decide the order in which it will hear these motions is unwarranted.[3]

---

[3] Nor does LimitNone's cited authority require a different result. LimitNone cites no Supreme Court authority post-dating *Sinochem*, and the authorities it does present are factually and legally distinguishable. *First National Bank v. United Airlines, Inc.*, for example, was decided over half a century before *Sinochem*, did not involve removal, and was reversed by the Supreme Court as relying on a state law violative of the full faith and credit clause of the U.S. Constitution. 190 F.2d 493, 496 (7th Cir. 1951), *reversed*, 342 U.S. 396 (1952). Further, LimitNone relies on *Zenith Electronics Corp. v. Kimball Intern. Mfg., Inc.* for the proposition that the first question in a determination of venue transfer is whether the transferor court has jurisdiction, yet *Zenith* actually considered both motions to remand and to transfer venue *simultaneously*, and ultimately transferred the case because of a valid forum selection clause. 114 F. Supp.2d 764, 774 (N.D. Ill. 2000). Other cases LimitNone cites do not concern venue or removal at all, and appear to have no relevance to its Motion. *See Klett v. Pim*, 965 F.2d 587 (8th Cir. 1992) (removal not at issue); *International Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72 (1991) (dismissal or transfer based on improper venue not at issue); *Benson v. SI Handling Systems, Inc.*, 1999 WL 182157 (N.D. Ill. March 25, 1999) (J. Manning) (no discussion of whether jurisdiction must be decided before other threshold issues may be considered); *Allen v. Ferguson*, 791 F.2d 611 (7th Cir. 1986) (same); *McIntyre v. Fallahay*, 766 F.2d 1078 (7th Cir. 1985) (same).

**CONCLUSION**

For the reasons set forth above, Google respectfully requests that LimitNone's Motion for Reconsideration of the Court's August 4, 2008 Minute Order be denied.

Dated: August 26, 2008

Respectfully submitted,

GOOGLE INC.

By: /s/ Rachel Herrick
    One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

Rachel M. Herrick
(*Admitted Pro Hac Vice*)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000
(650) 801-5100 (fax)

Jonathan M. Cyrluk (ARDC No. 6210250)
STETLER & DUFFY, LTD
11 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 338-0200
(312) 338-0070 (fax)

*Attorneys for Google Inc.*

## **CERTIFICATE OF SERVICE**

    I, Jonathan M Cyrluk, an attorney, certify under penalty of perjury that I caused a copy of the forgoing document to be served on all counsel of record via the Court's CM/ECF online filing system this 26th day of August, 2008.

                                                                                 /s/ Jonathan M. Cyrluk