IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIMITNONE, LLC, a Delaware Limited Liability Company, | |
| Plaintiff, | Case No. 08-cv-04178 |
| v. | Honorable Blanche M. Manning |
| GOOGLE INC., a Delaware Corporation, | |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
FOR RECONSIDERATION OF AUGUST 4, 2008 MINUTE ORDER [DOCKET NO. 27]**

It is well established in the Seventh Circuit and elsewhere that this Court has the inherent power to reconsider interlocutory orders at any time. Rather than accept this basic proposition, Google's chief argument in opposition to LimitNone's motion for reconsideration is to quibble with the rule under which the motion is brought. Google's argument is a classic exercise in form over substance and is, no doubt, intended to deflect the Court's attention away from the real issue: namely, the irrefutable logic of addressing subject mater jurisdiction (*i.e.,* remand) first, before the vastly more complex issues raised by Google's venue motion.

It is telling that, confronted now with its lack of candor, Google does not even try to argue that it was unaware of LimitNone's venue selection clause. Nor does Google offer any apology for its deliberate failure to inform this Court of a competing contract provision that, if not controlling in LimitNone's favor, certainly is relevant to the venue issue (which Google does not dispute). Instead, Google advances the rather bizarre argument that because LimitNone was aware of its own agreement, it is not "new evidence" and therefore cannot serve as a basis for reconsideration.

Google misses the point. The evidence is new to this Court. LimitNone's venue selection clause had not been made available to the Court when it decided – based solely on Google's opening venue motion – to consider venue before remand. Reconsideration is warranted in these circumstances because this Court had no way to appreciate the convoluted nature of the venue argument advanced by Google. The law is clear that a district court only has discretion to forego a jurisdictional threshold analysis when the other issue at hand requires no more than a mere "brush with factual issues of the underlying dispute", rather than delving into the merits of the case. As established in LimitNone's opening brief – the substance of which Google did not dispute in its opposition – consideration of Google's venue motion first will require a comprehensive factual and legal analysis going to the facts of the parties' relationship and merits of the claims and defenses, before this Court determines whether federal subject matter jurisdiction even exists. For this reason, reconsideration is appropriate.

## I.     ARGUMENT

At the time this Court determined it would hear Google's venue motion prior to addressing the fundamental subject mater jurisdiction issue raised by remand, the Court had no way of knowing the scope of the necessary venue analysis. Because Google chose not to attach the two most recent agreements between the parties, this Court was not informed that it would be required to examine the merits of LimitNone's claims to understand whether any of four conflicting contracts apply and, if they do, how they interrelate based on the parties' relationship.

Thus, Google's motion requires an exceedingly burdensome inquiry that, by Google's own hand, was not known to the Court prior to issuance of its August 4, 2008 Minute Order [Docket No. 27] (hereinafter "Order"). By comparison, this Court can readily determine subject matter jurisdiction and should decide the nature of LimitNone's claim before deciding on the

proper venue. Accordingly, LimitNone requests that this Court reconsider its Order and allow it to present its Motion to Remand for consideration prior to Google's Motion.

### A.     This Court Has Inherent Power To Reconsider Its Interlocutory Orders.

Instead of addressing the procedural predicament created by considering venue before subject matter jurisdiction, Google focuses on a technicality and argues that LimitNone erroneously cites to Fed.R.Civ.P. 59(e) as a basis for reconsideration. This argument lacks traction for two reasons. First, in the interest of justice a court may re-characterize a motion if necessary. *Cf. Sears Robuck & Co. v. Santamarina,* No. MDL-1703, 05 C 4742, 05 C 4743, 2006 WL 1517779 (N.D. Ill. May 24, 2006) (motion for reconsideration more appropriately characterized simply as a motion to remand). Second, and more importantly, Google cannot deny that this Court has inherent power to reconsider its Order. "If an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity…. [S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 604, 605 (1973).

> A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law. . . .
>
> …
>
> Nothing in the Rules [of Civil Procedure] limits the power of the court to correct mistakes made in its handling of a case so long as the court's jurisdiction [over that order] continues, i.e., until the entry of judgment. In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir.2001), quoting *Jerry*, 487 F.2d at 604 (internal citations and quotations omitted); *see also Fairely v. Andrews*, No. 03 C 5207, 2007 WL 2804911 (N.D. Ill. Sept. 24, 2007) (a court "may exercise its inherent authority to reconsider its interlocutory orders because such orders are subject to revision at any time before the entry of judgment adjudicating all the claims."); *BP Amoco Chemical v. Flint Hills Resources LLC,* 489 F. Supp. 2d 853, 856 (N.D. Ill. 2007); *Varitalk LLC v. Lahoti,* No. 07 C 1771, 2007 WL 1805086 (N.D. Ill. June 19, 2007); *Orange v. Burge,* 451 F.Supp.2d 957, 960-61 (N.D. Ill. 2006).[1]

When this Court entered its Order, it did not have all of the relevant facts before it. Google's venue motion presented only two self-serving agreements – which it turns out were superseded, if relevant at all – that appeared at first blush to favor Google's position regarding venue, while withholding two later agreements that it knew existed.[2] (*See* Defendant Google Inc.'s Opposition to Plaintiff LimitNone LLC's Motion For Reconsideration [Docket No. 38] (hereinafter "Opposition", n.2). Thus, this Court's Order is erroneous because the Court could not have known that Google's motion requires the resolution of disputed facts, an analysis that necessitates resolving the scope of LimitNone's claims, and the scope and enforceability of conflicting and disputed agreements.[3]

---

[1] LimitNone recognizes that motions for reconsideration are unusual, but asserts that it is appropriate in this circumstance because Google failed to present to the Court all the necessary facts.

[2] The crux of Google's argument in its Motion to Dismiss is that LimitNone's claims are governed by contract. Conversely, LimitNone maintains that no agreement applies to its state law claims. However, to adequately resolve Google's motion, the Court must examine all potentially relevant agreements.

[3] The Court need not consider Google's preposterous argument that LimitNone does not raise any newly discovered evidence. At the time the initial Motion to Remand was filed, there was no reason to present any agreement to this Court. It was not until Google asserted the relevance of two older agreements, without identifying the newer agreements, that the facts needed to be raised. Therefore, while perhaps the facts are not "new" to LimitNone, they are new to the Court because Google suppressed the presentation of potentially relevant agreements.

Google's motion simply misled the Court and did not make it aware of the extent and breadth of the necessary venue analysis. The Court's Order is, therefore, clearly erroneous as it requires the Court to review the claims and facts presented and undertake a burdensome analysis before subject matter jurisdiction is established. It is appropriate for the Court to invoke its inherent power, reconsider its Order, grant LimitNone leave to file its Motion to Remand, and consider first whether the Court possesses subject matter jurisdiction.

### B. Consideration Of Subject Matter Jurisdiction Is The Least Burdensome Inquiry And Should Be Decided Before Google's Motion To Dismiss Or Transfer.

"Ensuring the existence of subject-mater jurisdiction is the court's first duty in every lawsuit." *Sears Robuck & Co. v. Santamarina,* 2006 WL 1517779 at *2 (N.D. Ill. May 24, 2006) (citing *McReady v. White,* 417 F.3d 700, 702 (7th Cir. 2005); *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 US 83 (1998)); see also *Boring v. World Gym-Bishop, Inc.*, No. 06 C 3260, 2008 WL 410638 (Feb. 13, 2008). Google erroneously relies on *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184 (2007) for the proposition that this Court need not determine whether it has subject matter jurisdiction prior to ruling upon Google's venue motion. To the contrary, in *Sinochem* the Court specifically states that the proper course is to first dismiss for lack of jurisdiction when one can readily do so. *Sinochem,* 127 S.Ct. at 1194. Here, subject matter jurisdiction does not exist and, pursuant to *Sinochem*, should be addressed prior to the arduous inquiry necessary to reach resolution of Google's venue motion.

#### 1. *Sinochem* Supports Considering Subject Matter Jurisdiction First.

Google's reliance on *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184 (2007) is misplaced. To the extent that it even applies to the present matter, *Sinochem* supports LimitNone's position that in this instance subject matter jurisdiction should be

examined first. In *Sinochem*, the defendant filed a motion to dismiss pursuant to the doctrine of *forum non conveniens*, claiming that the case should proceed in China rather than in a United States court. *Sinochem*, 127 S.Ct. at 1188-89. The district court determined that it did *not* have personal jurisdiction, but still granted the motion to dismiss pursuant to *forum non conveniens*. *Id.* at 1189. The U.S. Supreme Court affirmed this decision. *Id.* at 1194. Although *Sinochem* is distinguishable from the instant matter, the principles applied by the Court favor LimitNone's position.

First, the *Sinochem* Court was addressing a motion based upon the common law doctrine of *forum non conveniens*, not a motion pursuant to 28 USC §1404(a) as asserted by Google. Unlike 1404(a), "*Forum non conveniens* has continuing application [in federal courts] only in cases where the alternative forum is abroad." *Sinochem*, 127 S.Ct. at 1191; s*ee also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 264-65 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). A dismissal pursuant to *forum non conveniens* transfers a case out of the United States, and the threshold issue of federal court jurisdiction will never need to be addressed. To the contrary, where venue is transferred within the United States to another federal court, the transferee court must still determine whether it possesses subject matter jurisdiction. Therefore, judicial resources are not saved by transferring first and determining jurisdiction later, only to discover that the transferee court lacks subject matter jurisdiction. Second, in *Sinochem*, the venue analysis necessary to dismiss based upon *forum non conveniens*, unlike the analysis in the instant case, did not require an in-depth review of the facts, the relationship of the parties, or the merits of the matter.[4]

---

[4] Google also relies upon *Israel Discount Bank Ltd. v. Schapp,* 505 F.Supp.2d 651 (C.D. Cal. 2007), which in turn relies upon *Sinochem.* That case is similarly distinguishable and inapplicable to the instant matter.

The holding in *Sinochem* does not support Google's blanket proposition that the Court should consider venue issues prior to determining whether it has subject matter jurisdiction. While the Supreme Court noted that there is some "leeway" to decide disposition orders, it made clear that judicial discretion to forego a jurisdictional threshold analysis is limited to situations when the threshold issue does no more than "brush with factual issues of the underlying dispute", rather than going to the merits of the case. *Sinochem*, 127 S.Ct. at 1191. "Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause." *Id.* A determination of whether a contract is applicable to the claims goes right to the merits of the present matter.

Furthermore, Sinochem makes clear that the Court should consider the ***least burdensome threshold first***, be it subject matter jurisdiction, personal jurisdiction, venue, or any other threshold question. *Id.* at 1194 (preferring dismissal for *forum non conveniens* rather than initiating discovery into personal jurisdiction because "[d]iscovery concerning personal jurisdiction would have burdened Sinochem with expense and delay.").[5] The less burdensome course here is clearly the resolution of the Court's subject matter jurisdiction rather than applying substantive contract law to resolve a forum selection clause dispute.

Google will not suffer any prejudice if this Court first determines whether LimitNone asserts federal or state claims. However, if the Court grants Google's motion first and transfers this action to California as requested, the transferee court will then need to address subject matter jurisdiction and the matter may be remanded back to state court in Illinois. While Google may

---

[5] *See also*, *First Colonial Ins. Co. v. Custom Flooring, Inc.*, No. CIV A 06-3998 NLH, 2007 WL 1175759 (D.N.J. Apr. 17, 2007) (finding subject matter jurisdiction "readily determined" and thus resolved before a motion to dismiss for *forum non conveniens*); *Environmental Conservation Org. v. City of Dallas*, 529 F.3d 519 (5th Cir. 2008) (finding *res judicata* no less burdensome than standing, and thus not one of the limited circumstances where "a federal court has leeway to choose among threshold ground for denying audience to a case on the merits.").

have the time and financial wherewithal to engage in cross-country litigation 'ping-pong', LimitNone would be unduly prejudiced by doing so. Thus, the Court's consideration of Google's venue motion before establishing subject matter jurisdiction is inappropriate.

Finally, because this Court can readily determine whether it has subject matter jurisdiction, judicial economy is promoted by resolving this threshold question first. "If … a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground." *Sinochem,* 127 S.Ct at 1194. Moreover, the Court stated that, "[i]n the mine run of cases, jurisdiction will involve no arduous inquiry and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum should impel the federal court to dispose of those issues first." *Id*. at 1194, quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563 (1999) (internal quotations omitted) (emphasis added). In accordance with the Supreme Court's findings in *Sinochem*, and in light of the information which the Court now has before it, as compared to the limited information provided by Google, this Court erred when it determined that it would address Google's Motion first.[6]

      2.      Entertaining Google's Motion To Dismiss Entails A Detailed Legal And Factual Analysis Reaching Into The Merits Of The Case.

A determination of whether the Court possesses subject matter jurisdiction is a comparatively simple analysis. In its Complaint, LimitNone raises only state law claims.

---

[6] Google's other citations in its Opposition support the proposition that the Court should resolve the least burdensome threshold question first. *See Fixture Specialists, Inc. v. Global Const. Co., LLC*, No. 3:07-CV-570, 2007 WL 3468997, *1 (E.D. Va. Nov. 14, 2007) (transferring action based on undisputed forum selection clause without looking to jurisdiction); *Israel Discount Bank Ltd. v. Schapp*, 505 F.Supp.2d 651 (C.D. Cal. 2007) (analyzing *forum non conveniens* dismissal only after stating that determination of subject matter jurisdiction would involve an "arduous inquiry" and examination of evidence); *MBI Group, Inc. v. Credit Foncier Du Cameroun*, 558 F.Supp.2d 21 (D.D.C. 2008) ("a court may dismiss a case on the basis of *forum non conveniens* in lieu of addressing questions of subject mater and personal jurisdiction, particularly where, as here, those inquiries raise difficult issues that might otherwise require jurisdictional discovery.").

Therefore, this Court can only have subject matter jurisdiction based on the doctrine of 'complete preemption.'  *See Fayard v. Northeast Vehicle Services, LLC*, 533 F.3d 42, 45 (1st Cir. 2008); *Warrington Assoc., Inc. v. Real-Time Engineering Systems, Inc.*, 522 F.Supp. 367, 368-369 (C.D. Ill. 1981) (plaintiff's claim for trade secret misappropriation in connection with defendant's misappropriation and use of trade secrets and proprietary materials contained in plaintiff's software programs found not preempted by the Copyright Act).  This Court can easily ascertain whether LimitNone's state law claims are completely preempted.

In contrast, determining proper venue involves a thorough legal analysis and an evidence-intensive, fact-based inquiry.  The Court must determine first whether LimitNone's claims, which are not contract based, fall within any of the four arguments between the parties.  If so, the Court must then determine whether the claims fall within the scope of the forum selection clauses of one of these four agreements.  After this, the Court must select which agreement's forum selection clause is applicable and must interpret it to determine whether it requires exclusive venue.  Finally, the Court must also decide whether enforcement of its chosen forum selection clause would be reasonable.

This extensive analysis is necessary because Google argues that LimitNone's claims are governed by forum selection clauses based on two general agreements.  LimitNone asserts that its causes of action are not premised upon any contract and are not within the scope of either of these agreements.  In the alternative, if this Court determines that an agreement does apply to the asserted claims, then the applicable agreement is one of two agreements that entirely supersedes those presented to the Court by Google.  Therefore, if this Court is to proceed with Google's motion first, it must conduct a detailed legal and factual analysis into the relationship of the parties, reaching down into the merits of the case.  It is a waste of valuable judicial resources to

conduct this in-depth analysis before it is even determined whether the claims at issue are state or federal. It is significantly more efficient to grant this motion for reconsideration and entertain LimitNone's motion to remand first.

### 3.　Google Misinterprets Applicable Law.

Notwithstanding Google's disingenuous efforts to distinguish the cases cited by LimitNone in its motion for reconsideration, it is clear that courts consistently prefer resolution of subject matter jurisdiction before motions to dismiss for improper venue. For example, Google states that in *Zenith Elecs. Corp., v. Kimball Int'l Mfg., Inc.*, 114 F.Supp.2d 764 (N.D. Ill. 2000) the court considered a motion to remand and transfer simultaneously. (Opposition, n.3). In reality, that court stated that when considering a motion to remand and a motion to dismiss/transfer for improper venue "the first question for consideration is whether this court has jurisdiction." *Id.* at 767. It then goes on to first consider its own jurisdiction. *Id.* at 767-775.

Similarly, Google misinterprets *Allen v. Ferguson*, 791 F.2d 611 (7th Cir. 1986). It contends that the court did not discuss "whether jurisdiction must be decided before other threshold issues may be considered." (Opposition, n.3). But when the court was presented with a motion to remand and a motion for lack of personal jurisdiction, it had to address "which motion to decide first." *Allen*, 791 F.2d at 614. It then stated that, "in keeping with the notions of judicial restraint, federal courts should not reach out to resolve complex and controversial questions when a decision may be based on a narrower ground." *Id.* at 615.[7] The court then found that a "district court should verify the existence of subject-matter jurisdiction at the outset of the litigation…" if it appears lacking. *Id.* at 615.

Google's erroneous claim that the court in *McIntyre v. Fallahay*, 766 F.2d 1078 (7th Cir. 1985) does not discuss "whether jurisdiction must be decided before other threshold issues may

---

[7]　This finding by the *Allen* court is consistent with *Sinochem's* least burdensome standard.

be considered" is also quickly refuted by reading the case. (Opposition, n.3). There, the court examined an action removed from state court where the plaintiff only alleged state law claims and where the court was presented with the issue of "whether this court should dismiss the case rather than decide whether the case was properly removed." It ultimately determined that courts should "remand, rather than dismiss, whenever that is within our power." *McIntyre*, 766 F.2d at 1081-82. It can hardly be said that these cases provide "no discussion" concerning the sequential order of disposing of jurisdiction. (Opposition, n.3).[8]

Google's creative parenthetical descriptions of cases do not diminish the fact that courts have consistently preferred resolution of subject matter jurisdiction before motions to dismiss for improper venue or other "complex" threshold questions. The Supreme Court's findings in *Sinochem* only provide further support for this proposition. Google's contention that this Court should engage in a fact and law intensive analysis that reaches the merits of LimitNone's state law claims and the scope and enforceability of conflicting and disputed agreements, without first resolving the Court's subject matter jurisdiction, is without merit. This Court should consider the simpler subject matter jurisdiction issue and then, only if necessary, undertake the in-depth analysis required by Google's motion to dismiss and/or transfer.

## II.  CONCLUSION

LimitNone prays that this Court reconsider its Minute Order of August 4, 2008, and allow briefing and arguments on remanding this cause to the Circuit Court of Cook County, Illinois,

---

[8]  Google also provides other similarly specious descriptions. *See International Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72 (1991), on remand to 1991 WL 213903 (E.D. La. 1991), for which Google claims "dismissal or transfer … not at issue" but which discusses determining jurisdiction and removal to state courts at length; *Benson v. SI Handling Systems, Inc.*, No. 99 C 1797, 1999 WL 182157 (N.D. Ill. March 25, 1999), for which Google claims there is no discussion of "whether jurisdiction must be decided before other threshold issues may be considered" but which *sua sponte* remanded an action, without discussion, for failure to adequately establish diversity jurisdiction.

before considering Google's Motion to Dismiss.

WHEREFORE, LimitNone respectfully requests that the Court:

(a) Grant LimitNone's Motion For Reconsideration;

(b) Grant LimitNone Leave to File its Motion to Remand;

(c) Stay the briefing and/or ruling on Google's Motion to Dismiss; and

(d) In the alternative, if the Court denies the Motion for Reconsideration, enter an order indicating that LimitNone is allowed to file its Motion to Remand at a time beyond the deadline set by rule, August 22, 2008, in the event that the court does not dismiss or transfer the matter based on venue.

Dated: September 2, 2008

/s/ Matthew C. Luzadder
One of the Attorneys for Plaintiff,
LIMITNONE, LLC

David A. Rammelt (#6203754)
Caroline C. Plater (#6256076)
Matthew C. Luzadder (#6283424)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL  60606
(312) 857-7070