Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 4178 | **DATE** | September 22, 2008 |
| **CASE TITLE** | *LimitNone LLC v. Google, Inc.* | | |

**DOCKET ENTRY TEXT**

LimitNone's motion for reconsideration [30-1] is denied. Google's motion to dismiss or, in the alternative, to transfer venue [17-1] is granted in part. The clerk is directed to transfer this case to the federal district court for the Northern District of California in accordance with Local Rule 83.4, and to terminate the case from this court's docket.

■[ For further details see text below.] Docketing to mail notices.

00:00

## STATEMENT

Plaintiff LimitNone LLC develops software, including a program called gMove. gMove allowed users to move data and documents created using Microsoft products into a competing product created by defendant Google, Inc. known as Google Apps. LimitNone pitched gMove to Google during a meeting at Google's headquarters in northern California. Google initially made gMove available for sale to its customers through a link on its website, but eventually abandoned gMove in favor of a program called Google Email Uploader which it offered for free, effectively killing the market for gMove.

LimitNone filed suit against Google in state court, alleging two state-law claims, one under the Illinois Trade Secrets Act and one under the Illinois Consumer Fraud and Deceptive Business Practices Act. Google removed on the basis of federal question jurisdiction, contending that LimitNone's state law claims are preempted by the federal Copyright Act.

Shortly after removal, LimitNone filed a motion for leave to file a motion to remand the case back to state court based upon its assertion that the state law claims are not preempted. Meanwhile Google filed a motion to dismiss based upon lack of venue or, in the alternative, to transfer the case to the federal court in the Northern District of California. *See* Fed. R. Civ. P. 12(b)(3). The court decided to address the issue of venue before preemption, and so denied the motion for leave to file a motion to remand and entered a briefing schedule on the motion to dismiss, which is now fully briefed. LimitNone has also filed a motion asking the court to reconsider its decision to address venue before preemption, which is also now fully briefed.

### I.　　*Motion for Reconsideration*

The court will first address the motion for reconsideration. In it, LimitNone contends that the court *must* address whether the Copyright Act preempts its state law claims because, if it does not, the complaint presents no federal question and the court lacks jurisdiction over the dispute. However, in *Sinochem*

Dockets.Justia.com

*International Co. Ltd. v. Malaysia International Shipping Corp.* the Supreme Court recently confirmed in a case addressing a transfer for *forum non conveniens* that a district court may focus on venue first if that issue would be less burdensome than the issue of subject matter jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1194 (2007) ("where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course"). *See also Fixture Specialists, Inc. v. Global Construction Co., LLC*, No. 3:07-CV-570, 2007 WL 3468997, at *1 (E.D. Va. Nov. 14, 2007) (under *Sinochem*, district court may address issue involving forum selection clause before addressing personal jurisdiction).

As shall be discussed in more detail below, the issue of venue is fairly easy to resolve. The court is therefore free to determine whether venue in this court is proper before determining whether the court has subject matter jurisdiction. Accordingly, the motion to reconsider is denied and the court shall proceed to address the motion to dismiss or, in the alternative, to transfer.

## II.     *Motion to Dismiss or to Transfer*

In ruling on a motion to dismiss, the court accepts as true the allegations in the complaint. *See Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). In addition, when ruling on a motion to dismiss under Rule 12(b)(3) based upon improper venue, the court may also examine facts outside the complaint. *See Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). Thus, the following discussion incorporates both the allegations in the complaint as well as other evidence presented by the parties in their respective briefs.

Prior to LimitNone's meeting with Google at Google's headquarters in Mountain View, California, LimitNone signed an agreement provided to it by Google entitled "Mutual Non-Disclosure Agreement." (R.18, Ex. A.) Under the Non-Disclosure Agreement, the parties agreed to protect the confidentiality of information exchanged between them. The Non-Disclosure Agreement also contained a forum selection clause, under which "exclusive venue for any dispute relating to this Agreement shall be in the state or federal courts within Santa Clara County, California," as well as a choice of law provision under which the Agreement "shall be governed by the laws of the State of California." (*Id.* at ¶ 16.) Finally, the Non-Disclosure Agreement stated that any addition or modification must be made in writing signed by the parties. (*Id.* at ¶ 15.)

Later, but still prior to LimitNone's trip to California, the parties signed another agreement, entitled Google Enterprise Professional Agreement. (R.18, Ex. B.) Under the terms of the Google Enterprise Professional Agreement, LimitNone agreed to participate in Google's Enterprise Professional Program, and both parties agreed to maintain the confidentiality of any information they obtained from the other party. (*Id.* at ¶¶ 1, 6.) Like the Non-Disclosure Agreement, the Google Enterprise Professional Agreement also contained a choice of law provision under which any disputes arising out of or relating to the agreement "shall be governed by and construed in accordance with the laws of the State of California," as well as a forum selection clause under which the parties agreed to "submit to the personal and exclusive jurisdiction of the courts located in Santa Clara County, California." (*Id.* at ¶ 9.) Also like the Non-Disclosure Agreement, the Google Enterprise Professional Agreement could be modified only in writing signed by the parties. (*Id.* at ¶ 9.)

After signing these agreements, in March 2007 LimitNone traveled to California where it presented gMove to Google and shared trade secrets. According to LimitNone, Google also assured LimitNone that Google would not develop for itself a program similar to gMove because it preferred that any such technology be

developed by a third-party partner such as LimitNone. Following the meeting, LimitNone continued revising gMove to Google's specification, and by July 2007 LimitNone began selling the program for $19 to Google's customers through a link on Google's website.

The parties continued working closely to refine gMove in order to meet specific requirements of some of Google's customers. But by December 2007, Google notified LimitNone that it had developed its own alternative to gMove—Google Email Uploader—that it would give to customers for free. As a result, LimitNone is unable to sell gMove to any more of the estimated 50 million Google App users.

In the motion to dismiss or to transfer, Google argues that venue in this court is improper because under both the Non-Disclosure and Google Enterprise Professional Agreements, the parties chose Santa Clara County, California as the exclusive forum for any dispute arising out of those agreements. In response, LimitNone argues that (1) the parties' dispute does not arise out of the Non-Disclosure and Google Enterprise Professional Agreements; (2) even if the dispute does arise under the Non-Disclosure and Google Enterprise Professional Agreements, those agreements were superseded by LimitNone's click-wrap License Agreement, which did not designate Santa Clara County, California as the exclusive forum for the parties' dispute; (3) Google cannot enforce the forum selection clause in the Non-Disclosure Agreement because Google never signed that agreement; (4) Google cannot enforce the forum selection clause in the Google Enterprise Professional Agreement because (a) the clause is permissive, (b) the parties' dispute is outside the scope of that agreement, and (c) enforcing the clause would be unreasonable; and (5) Google has failed to identify factors that favor transferring this dispute to California. The court will address each argument in turn.

    *A.    Disputes Arising Under the Non-Disclosure and Google Enterprise Professional Agreements*

First, LimitNone argues that its claims—for violations of Illinois statutes on trade secrets and on fraudulent and deceptive practices—have "nothing to do with LimitNone's participation in the Google Enterprise Program in any substantive sense." (R.36 at 9.) LimitNone's argument is disingenuous. According to its own complaint, LimitNone exchanged its trade secrets, including its gMove software, with Google as part of its participation in the Google Enterprise Professional Group. (R.42, Ex. A at ¶ 20.) Accordingly, LimitNone's argument that its dispute did not arise from its participation in the Google Enterprise Program, and for that reason is not governed by the Non-Disclosure and Google Enterprise Professional Agreements, is unconvincing.

Alternatively, LimitNone argues that the contractual forum selection clauses in the Non-Disclosure and Google Enterprise Professional Agreements have no bearing on where LimitNone can assert the claims because the claims are not for breach of contract, but rather for violations of state statutes. However, the scope of a forum selection clause is not limited to claims for breach of contract. *See Kochert v. Adagen Med. Int'l, Inc.* 491 F.3d 674, 679 (7th Cir. 2007) (fraudulent inducement claim subject to contract's forum selection clause).

    *B.    Effect of the LimitNone Click-Wrap License Agreement on the Non-Disclosure and Google Enterprise Professional Agreements*

Next, LimitNone argues that the Non-Disclosure and Google Enterprise Professional Agreements were superseded by the gMove Licensing Agreement. That agreement, known as a "click-wrap" agreement, appears on the computer screen of anyone attempting to use the gMove software. Upon loading gMove, a user must agree to the Licensing Agreement before continuing with the program. LimitNone asserts that

**STATEMENT**

Google agreed to be bound by the license when LimitNone provided a copy of the gMove software to Google, and Google employee Scott McMullen loaded and used the software. The Licensing Agreement included in the copy of gMove that McMullen used did not contain a forum selection clause.

As noted above, LimitNone has failed to offer any convincing argument that its dispute falls outside the scope of either the Non-Disclosure or Google Enterprise Professional Agreements. Each of those agreements requires that any addition or modification be made in writing signed by both parties. According to LimitNone's description of the gMove Licensing Agreement, it was neither in writing nor signed by the parties. It therefore cannot have modified or superseded the forum selection clauses in the Non-Disclosure and Google Enterprise Professional Agreements.

### C. *Google Never Signed the Non-Disclosure Agreement*

Next, LimitNone contends that Google cannot enforce the forum selection clause in the Non-Disclosure Agreement because Google never signed that agreement. But, to the extent the agreement needed to be signed under the Statute of Frauds, that statute requires only the signature of the party against whom it is being enforced. *See Dye v. Wargo*, 253 F.3d 296, 300 (7th Cir. 2001) (the statute of frauds requires only the signature of the person to be bound). To escape the effect of the Non-Disclosure Agreement and its forum selection clause, LimitNone cannot rely solely on evidence that Google did not sign the agreement, but rather must identify evidence that Google never *assented* to the agreement. *Id.* ("What Dye needed to show is that the City did not *agree* to the release, not simply that the City failed to *sign* the release."). LimitNone has identified no such evidence even though the burden to establish venue falls on it, and therefore its argument is unavailing. *See Electroplated Metal Solutions, Inc. v. Am. Servs., Inc.*, 500 F. Supp. 2d 974, 976 (N.D. Ill. 2007) (on a motion to dismiss for lack of venue, the plaintiff bears the burden of establishing that venue in its chosen forum is proper).

### D. *Scope of the Google Enterprise Professional Agreement and Nature and Fairness of its Forum Selection Clause*

LimitNone argues that Google is also unable to enforce the forum selection clause in the Google Enterprise Professional Agreement because (i) the parties' dispute is not governed by that agreement, (ii) the forum selection clause is permissive as opposed to mandatory, and (iii) the clause is unreasonable. The court need not address the scope of the Google Enterprise Professional Agreement at this early stage of the litigation for the following reason. LimitNone has offered no convincing argument that its dispute falls outside the scope of the Non-Disclosure Agreement. As a result, whether the dispute is also governed by the Google Enterprise Professional Agreement—specifically, its virtually identical forum selection clause—is of no consequence.

In the interest of completeness, the court will briefly address LimitNone's remaining arguments about the enforceability of the Google Enterprise Professional Agreement. LimitNone contends that the forum selection clause in the Google Enterprise Professional Agreement is permissive, not mandatory. The clause reads as follows:

> Company and Google agree to submit to the personal and exclusive jurisdiction of the courts located in Santa Clara County, California.

(R.18, Ex. B at ¶ 9.)

**STATEMENT**

LimitNone argues that the language of the forum selection clause in the Google Enterprise Professional Agreement stands in sharp contrast to clauses that provide for mandatory venue by employing language such as "consent to the exclusive jurisdiction and venue." (R.36 at 14.) LimitNone's argument is frivolous. The forum selection clause in the Google Enterprise Professional Agreement uses the phrase "exclusive jurisdiction," which provides for mandatory venue. *See Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600, 602 (7th Cir. 1994) (enforcing forum selection clause that gave "exclusive jurisdiction" over any dispute to the courts of England).

LimitNone also argues that enforcing the forum selection clause would be unreasonable because the parties' dispute is tied more to Illinois than California. But LimitNone traveled to California to convince a California company to buy its software. To that end, it signed two documents obligating it to file litigation in Santa Clara County, California. Moreover, the conduct that forms the basis of LimitNone's claims against Google occurred mostly in California. Accordingly, LimitNone's argument that its dispute with Google is tied more to Illinois than California is not supported by the allegations and facts presented to the court.

  *E.*  *Propriety of Transferring Case to California*

Finally, LimitNone contends that this case should not be transferred to California because Google cannot meet the requirements of the federal change of venue statute, 28 U.S.C. § 1404. While Google cited 28 U.S.C. § 1404 in the portion of its motion seeking transfer, the transfer of a case that was improperly filed in the wrong district is actually governed by 28 U.S.C. § 1406(a). Under § 1406(a), the court may exercise its discretion to transfer a case to a district where venue is proper as an alternative to dismissing the case outright. LimitNone has not argued that the court should dismiss its complaint outright rather than transfer the case (indeed, such a position would be against its own interests). Accordingly, in its discretion and based upon the facts of this case, the court has determined that transferring this case to the federal district court of the Northern District of California (which encompasses Santa Clara County) is a better alternative to dismissal.

**CONCLUSION**

LimitNone's motion for reconsideration [30-1] is denied. Google's motion to dismiss or, in the alternative, to transfer [17-1] is granted. The clerk of the court is directed to transfer this case to the federal district court for the Northern District of California in accordance with Local Rule 83.4.

rs/cpb