IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIMITNONE, LLC, a Delaware Limited Liability Company,<br><br>                Plaintiff,<br><br>    v.<br><br>GOOGLE INC., a Delaware Corporation,<br><br>                Defendant. | Case No. 08-cv-04178<br><br>Honorable Blanche M. Manning |

**LIMITNONE'S MOTION
TO STAY TRANSFER PENDING APPEAL**

LimitNone, LLC ("LimitNone"), by its undersigned counsel and pursuant to Local Rule 83.4, respectfully requests that this Court stay its order transferring this case pending resolution of LimitNone's Petition For A Writ Of Mandamus by the Seventh Circuit Court of Appeals. In support of this motion, LimitNone states as follows:

**INTRODUCTION**

1. On September 22, 2008, this Court denied LimitNone's Motion for Reconsideration, thereby determining that it need not consider subject matter jurisdiction prior to addressing the substantive bases for Google, Inc.'s ("Google") Motion to Dismiss or in the Alternative to Transfer Venue. ("Motion to Transfer".) The Court also granted the Motion to Transfer and ordered, pursuant to 28 USC §1406(a), that this matter be transferred to the United States District Court for the Northern District of California. Local Rule 83.4 mandates that the transfer of the case shall not take place before October 6, 2008. Unless the transfer is stayed, the Seventh Circuit Court of Appeals will lose jurisdiction upon transfer. LimitNone will then be deprived of the ability to have the Seventh Circuit review the Order of this Court. LimitNone intends to file a Petition For A Writ Of Mandamus asking the Seventh Circuit Court of Appeals

to review this Court's order of transfer, and directing this Court to decide as a threshold matter whether federal subject matter jurisdiction exists over this dispute.[1]

## FACTUAL BACKGROUND

2. On June 23, 2008, LimitNone filed a Complaint against Google in the Circuit Court of Cook County for violations of the Illinois Trade Secret Act, 765 ILCS 1065/1-9 *et seq.,* (Count I), and Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., (Count II).

3. Google filed a petition for removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, on July 23, 2008.

4. In its petition for removal, Google stated that one of LimitNone's claims was preempted as it was controlled by the federal Copyright Act, 17 USC §106, *et seq.*, and, therefore, this Court possessed federal question jurisdiction.

5. On July 29, 2008, pursuant to this Court's standing order, LimitNone filed its Motion For Leave To File Motion To Remand [Docket No. 12].

6. The next day, Google filed its Motion to Dismiss, or in the Alternative to Transfer Venue ("Motion to Transfer"), arguing that LimitNone's claims were now controlled by certain agreements rather than the Copyright Act, which agreements included venue provisions. [Docket No. 17.]

7. On August 4, 2008, prior to LimitNone being allowed to submit any substantive argument regarding the Court's lack of subject matter jurisdiction, this Court entered

---

[1] LimitNone will file and serve on all parties and this Court a copy of the Petition For A Writ Of Mandamus prior to the hearing date for this Motion To Stay Transfer Pending Appeal.

an order stating that the Court "declines to consider LimitNone's arguments about preemption unless and until it determines if venue is proper in Illinois." [Docket No. 27.]

8. LimitNone filed its Motion for Reconsideration of this Order [Docket No30], arguing that this Court must consider whether subject matter jurisdiction exists prior to determining whether a courts actual venue provision applies, and prior to necessarily reaching into the merits of the action so as to determine which venue provision of the multiple agreements between the parties applies.

9. On September 22, 2008, this Court entered its Order denying LimitNone's Motion for Reconsideration (determining that it need not consider whether federal subject matter jurisdiction exists before transferring to another federal court) and granting Google's Motion to Transfer, thereby transferring this case to the Northern District of California. In granting the Motion to Transfer, this Court was required to make certain factual and merit based determinations regarding the parties' relationship prior to determining whether the matter was properly in federal court. [Docket No. 45.]

10. LimitNone respectfully disagrees with this Court's decision to transfer this case. LimitNone believes that this Court cannot order an inter-district transfer prior to determining the existence of subject matter jurisdiction in a case such as this. As a result, LimitNone is seeking a Writ of Mandamus from the Seventh Circuit Court of Appeals asking the Seventh Circuit Court of Appeals, directing this Court to consider whether federal subject matter jurisdiction exists before considering a motion by defendant to dismiss or transfer.

**ARGUMENT**

11. Local Rule 83.4 states "the court on its own motion or on motion of the party . . . may direct the clerk not to complete the transfer process until a date certain or further

CH01/BROTK/234661.3

order of court." *See* Local. R. 83.4. Accordingly, LimitNone asks this Court to stay the Order transferring this matter to the Northern District of California pending resolution by the Seventh Circuit of LimitNone's Petition For A Writ Of Mandamus.

12. In *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997), the district court held that the plaintiff was not required to arbitrate the dispute. The defendants appealed and asked for a stay of discovery and trial pending appeal, which the district court denied. *Bradford-Scott*, 128 F.3d at 505. The Seventh Circuit held that the defendants were entitled to a stay of all district court proceedings until the appeal was resolved. *Id.* at 506-07. The Seventh Circuit granted the defendants' request for a stay because "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Id.* at 505.

13. In *Bradford-Scott*, the Seventh Circuit relied on three cases, *Abney v. United States*, 431 U.S. 651, 662 n.8 (1977), *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), and *Goshtasby v. University of Illinois*, 123 F.3d 427 (7th Cir. 1997), to support its decision to enter a stay of proceedings pending appeal. *Id.* at 506. In each of these three cases the question before the appellate court was whether the case should proceed before the district court. *Id.* "In *Abney* the appellant contended that trial would violate the double jeopardy clause, in *Apostol* that trial would be incompatible with public officials' immunity from suit, and in *Goshtasby* that the eleventh amendment prevented the district court from exercising jurisdiction." *Id.* The Seventh Circuit found that in each of the three cases, continuation of proceedings in the district court was incompatible with the appeal unless the appeal is frivolous. *Id.* at 506. Here, the continuation of the transfer is clearly incompatible with the appeal as the result of the transfer will be that the Seventh Circuit will lose jurisdiction of an issue that occurred in the Northern District of Illinois.

4

14. The Northern District of Illinois has already determined that a Petition for Writ of Mandamus in a very similar situation is not frivolous. *Midwestern Equipment Co. v. Federal Signal Corp.*, 2004 WL 2700483 (N.D. Ill. 2004). In *Midwestern*, Judge Shadur determined that a dispute regarding the applicability of forum selection clauses to Plaintiff's state law claims "presents a question worthy of consideration by the Court of Appeals for the Tenth Circuit in its evaluation of the propriety of the transfer from the Oklahoma District Court to this District." *Midwestern*, at *1. The Court then granted a motion to retransfer the matter back to the transferee court in order to provide plaintiff an opportunity to submit its Petition for Writ of Mandamus to the Tenth Circuit. In addition to the propriety of the transfer in the instant matter, an appeal is also necessary to determine whether a court may transfer a case to another district pursuant to §1406, prior to determining whether federal subject matter jurisdiction even exists. In light of the fact that no court has ever determined that an inter-district transfer may be made when subject matter jurisdiction may not exist, it is clear that an appeal is certainly not frivolous.

15. Transfer will defeat LimitNone's opportunity to appeal this issue to the Seventh Circuit because that Court will lose jurisdiction and LimitNone will be forced to litigate in California, after a transfer that was performed by a Court without subject matter jurisdiction. As a result, pursuant to Local Rule 83.4, this Court should stay its Order transferring this matter pending the results of LimitNone's appeal.

16. Some courts have also applied a four factor test to determine whether to grant a stay pending resolution of an appeal: "(1) whether appellant has made a showing of likelihood of success on appeal, (2) whether appellant has demonstrated a likelihood of irreparable injury absent a stay, (3) whether a stay would substantially harm other parties to the

litigation, and (4) where the public interest lies." *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985).

17. LimitNone is likely to succeed on appeal due to this Court's: (a) failure to properly consider the standards by which it can construe venue issues before subject matter jurisdiction; and (b) its determination on the merits and review of evidentiary matters prior to analyzing whether subject matter jurisdiction exists.

18. LimitNone will be irreparably harmed due to its inability to seek review by the Seventh Circuit of this Court's ruling. LimitNone will also be forced to litigate in the face of this Court's substantive and merits based determinations, which Google most certainly will argue are controlling, even if it is later determined that federal subject matter jurisdiction did not exist at the time the Court made those findings.

19. There will be no harm if the stay is granted. Mandamus proceedings are given preference over ordinary civil cases. Fed. R. App. Pro. 21(b)(6). As a result, resolution of LimitNone's appeal should be prompt. A brief delay in the transfer of this matter will not cause undue harm to Google.

20. Finally, the public interest weighs in favor of issuing the stay. Should a court in California agrees that no federal subject matter jurisdiction exists, the transfer and then the retransfer of this matter back to Illinois would be a waste of judicial resources and inefficient. Simply waiting for the Seventh Circuit to determine whether this Court should consider the existence of subject matter jurisdiction prior to transfer is a far more efficient use of judicial resources. For all of these reasons, this Court should stay the transfer of this case pending resolution of LimitNone's appeal.

WHEREFORE, LimitNone, LLC, respectfully requests that this Court stay these proceedings and its Order transferring this matter pending the resolution of LimitNone's Petition For A Writ Of Mandamus by the Seventh Circuit Court of Appeals.

Dated: September 26, 2008

        /s/ Matthew C. Luzadder
        One of the Attorneys for Plaintiff,
        LIMITNONE, LLC

David A. Rammelt (#6203754)
Caroline C. Plater (#6256076)
Matthew C. Luzadder (#6283424)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070

7

CH01/BROTK/234661.3

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby deposes and states that he caused the foregoing *LimitNone's Motion To Stay Transfer Pending Appeal* to be electronically filed with the Clerk of the Court on September 26, 2008, using the ECF system, and served on all parties via the ECF system, pursuant to LR 5.9, as to Filing Users and in accord with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


 s/ Matthew C. Luzadder
Matthew C. Luzadder