IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIMITNONE, LLC, a Delaware Limited Liability Company, | |
| Plaintiff, | Case No. 08-cv-04178 |
| v. | Honorable Blanche M. Manning |
| GOOGLE INC., a Delaware Corporation, | |
| Defendant. | |

## LIMITNONE LLC'S EMERGENCY MOTION
## TO STAY TRANSFER PENDING APPEAL

LimitNone, LLC ("LimitNone"), by its undersigned counsel and pursuant to Local Rule 83.4, respectfully requests that this Court stay its Order of September 22, 2008 transferring this case, pending resolution of LimitNone's Petition For A Writ Of Mandamus filed this day in the United States Court of Appeals for the Seventh Circuit. In support of this motion, LimitNone states as follows:

1.      On September 22, 2008, this Court entered its Order denying LimitNone's Motion for Reconsideration of the Court's August 4, 2008 Order, determining that it need not consider whether federal subject matter jurisdiction exists before transferring to another federal court, and granting Defendant Google's Motion to Dismiss for Improper Venue Pursuant to F.R.C.P. 12 (b) (3), or, in the Alternative, Motion to Transfer Under 28 U.S.C. § 1404(a) ("Motion to Transfer"), thereby transferring this case to the Northern District of California. [Docket 45.] Pursuant to Local Rule 83.4, the clerk may not transfer this case until October 6, 2008.

2.      LimitNone respectfully disagrees with this Court's decision to transfer this case before giving due consideration to the question surrounding jurisdiction over the subject matter

of this case. As a result, LimitNone is seeking a Writ of Mandamus from the Seventh Circuit Court of Appeals directing this Court to vacate its Order of September 22, 2008 and consider whether federal subject matter jurisdiction exists.

3.     A Motion for Stay was filed on September 26, 2008 seeking identical, albeit non-emergency, relief from this Court. In that Motion, LimitNone represented that it intended to file the aforementioned Petition for A Writ of Mandamus with the Seventh Circuit. That motion was set for hearing today, October 2, 2008 pursuant to this Court's standing orders. On October 1, 2008, this Court issued an Order [docket 49] denying that motion without prejudice.

4.     Today, LimitNone has filed with the Court of Appeals its Petition for A Writ of Mandamus. *See* Declaration of Stephen A. Wood, attached hereto as Exhibit A.

5.     Local Rule 83.4 states "the court on its own motion or on motion of the party . . . may direct the clerk not to complete the transfer process until a date certain or further order of court." *See* Local. R. 83.4.

6.     The District Court's September 22, 2008 Order transferring this case will not be reviewable by the Court of Appeals once transferred to California. The Seventh Circuit will lose jurisdiction over the case.

7.     In addition, LimitNone will lose the opportunity to obtain appellate review of that transfer order, pursuant to mandamus or otherwise, once the case is transferred. *See Posnanski v. Gibney*, 421 F.3d 977 (9th Cir, 2005) (rejecting review of transfer order by transferee court even at the conclusion of the case); *see also Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180, 1188 (7th Cir. 1971). In *Posnanski,* the Ninth Circuit Court of Appeals specifically denied review of a transfer order:

> We know of no principle in American law that permits a circuit court of appeals
> to review, as such, a transfer order issued by a district court in another circuit.

> Such transfers, as we now hold, are reviewable only in the circuit of the transferor district court. . . . If (Plaintiff) disagreed with the transfer . . . he should have sought review, by whatever means were available to him, in the Seventh Circuit.

*Posnanski*, 421 F.3d at 980.

8.     Accordingly, LimitNone asks this Court to stay the Order transferring this matter to the Northern District of California pending resolution by the Seventh Circuit of LimitNone's Petition.

9.     The Seventh Circuit has ordered the stay of trial court proceedings where the continuation of those proceedings is incompatible with appellate review. *See Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506-07 (7th Cir. 1997) (defendants were entitled to a stay of all district court proceedings until the appeal was resolved); *Abney v. United States*, 431 U.S. 651, 662 n.8 (1977); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), and *Goshtasby v. University of Illinois*, 123 F.3d 427 (7th Cir. 1997) (stay pending appeal appropriate in light of defendant's argument that district court lacked jurisdiction and proceedings in the district court incompatible with appeal).  Here, the continuation of the transfer is clearly incompatible with the appeal insofar as the result of the transfer will be that the Seventh Circuit will lose jurisdiction.

10.     In light of the urgency of this matter, due to the impending date of transfer of October 6, 2008, LimitNone seeks relief from this Court on an emergency basis.  This Court should note that LimitNone is simultaneously moving the Court of Appeals for an order staying this case pending decision on LimitNone's Petition.  LimitNone is taking that unusual step due to the urgencies and in the event this Court is unable to rule on this Motion in time to prevent transfer.

WHEREFORE, LimitNone, LLC, respectfully requests that this Court stay these proceedings and its Order transferring this matter pending the resolution of LimitNone's Petition For A Writ Of Mandamus by the Seventh Circuit Court of Appeals.

Dated: October 2, 2008

/s/ Stephen A. Wood
One of the Attorneys for Plaintiff,
LIMITNONE, LLC

David A. Rammelt (#6203754)
Stephen A. Wood (#6210458)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 857-7070

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby deposes and states that he caused the foregoing *LimitNone's Emergency Motion To Stay Transfer Pending Appeal* to be electronically filed with the Clerk of the Court on October 2, 2008, using the ECF system, hand delivered upon the Court, and served on all parties via the ECF system, pursuant to LR 5.9, as to Filing Users and in accord with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

s/Stephen A. Wood
Stephen A. Wood