Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4178 | **DATE** | October 2, 2008 |
| **CASE TITLE** | *LimitNone v. Google* | | |

**DOCKET ENTRY TEXT:**

Google shall file a response to LimitNone's renewed motion for a stay [#50] by Friday, October 3, at 1:00 p.m. The court expects to rule on LimitNone's motion to stay shortly after it has had an opportunity to consider Google's response. The clerk is directed to forward a copy of this order to the Seventh Circuit.

■[ For further details see text below.]

## STATEMENT

On September 22, 2008, this court entered an order transferring this action to the United States District Court for the Northern District of California. This order was entered on the docket on September 23, 2008. Because the court did not direct the clerk to transfer this case immediately, the case will be transferred no earlier than fourteen days following the date of docketing the order of transfer, or October 7, 2008. *See* Local Rule 83.4.

On September 26, 2008, LimitNone filed a motion seeking to stay the September 22d transfer order. In its motion, LimitNone asserted that it intended to file a petition for a writ of mandamus and argued that a stay was necessary to give the Seventh Circuit an opportunity to consider the merits of its promised mandamus petition before the case was transferred. LimitNone noticed its motion to stay for October 2, 2008. Meanwhile, the promised time-sensitive mandamus petition did not materialize. Accordingly, on October 1, 2008, nine days after the court's September 22d transfer order, the court denied LimitNone's motion to stay the transfer order without prejudice.

In response, on October 2, 2008, LimitNone renewed its motion to stay with this court and attached a copy of a mandamus petition which appears to have been filed simultaneously with the Seventh Circuit.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

Page 1

dockets.Justia.com

## STATEMENT

LimitNone's renewed motion to stay filed with this court also represents that LimitNone simultaneously filed an emergency motion to stay with the Seventh Circuit "[i]n light of the urgency of this matter . . . and in the event this Court is unable to rule on this Motion in time to prevent transfer." LimitNone elected not to notice its renewed motion for hearing before this court or to contact the court's clerk to obtain a hearing date.

"A party seeking a stay pending appeal . . . must show that it has a significant probability of success on the merits; that it will face irreparable harm absent a stay; and that a stay will not injure the opposing party and will be in the public interest. *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006). LimitNone, of course, is seeking a writ of mandamus as opposed to filing an appeal. Nevertheless, its motion seeking a stay is premised exclusively on the fact that its mandamus petition will moot if this case is transferred. The court also notes that the purported emergency nature of LimitNone's motion is entirely of its own making, given the amount of time that elapsed between the issuance of the transfer order and the filing of LimitNone's mandamus petition.

The court thus regrets the necessity for an expedited briefing schedule, but orders Google to file a response to LimitNone's renewed motion to stay by Friday, October 3, at 1:00 p.m. The court expects to rule on LimitNone's motion to stay shortly after it has had an opportunity to consider Google's response.