IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIMITNONE LLC, ) | |
| ) | Case No. 08-cv-04178 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Hon. Blanche M. Manning |
| GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFF LIMITNONE, LLC'S EMERGENCY MOTION TO STAY TRANSFER PENDING APPEAL**

Almost two weeks ago, this Court ordered that this action be transferred to the Northern District of California because LimitNone had agreed to mandatory forum selection clauses designating Santa Clara County, California as the forum for disputes between LimitNone and Google. Minute Order, September 22, 2008, Docket No. 45 (hereinafter "Transfer Order"). Now, on the eve of the scheduled transfer, LimitNone has filed an "emergency" motion to stay the transfer pending disposition of a mandamus petition that LimitNone belatedly filed yesterday with the Seventh Circuit. LimitNone has not shown, however, any reasonable prospect that it will be able to obtain the "drastic" remedy of mandamus, which is available *only* in "extraordinary situations" and in "exceptional circumstances amounting to a judicial usurpation of power". Because LimitNone's mandamus petition is doomed to fail for a host of reasons, and because a transfer will visit no irreparable harm on LimitNone, its Emergency Motion should be denied.

**ARGUMENT**

LimitNone does not cite, and Google has not found, any case in which a stay was granted pending the filing of a mandamus petition that seeks to overturn a district court order enforcing a forum selection clause. Nor does LimitNone address—let alone meet—the governing standard for a stay pending an appeal. Specifically, to obtain a stay pending appeal, LimitNone must

Dockets.Justia.com

demonstrate that: (1) it has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the stay is denied; (4) the irreparable harm it will suffer without relief is greater than the harm Google will suffer if the stay is granted; and (5) the stay will be in the public interest. *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).[1] LimitNone has met *none* of these factors.[2]

## I. LIMITNONE CANNOT DEMONSTRATE A REASONABLE LIKELIHOOD OF SUCCESS ON THE MERITS OF ITS MANDAMUS PETITION.

Determining the likelihood of success on the merits refers, in this case, to LimitNone's likelihood of securing the extraordinary relief of a writ of mandamus. The stay test thus incorporates the very stringent test for mandamus set forth *In Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995), which requires LimitNone to establish both that the Transfer Order was clearly erroneous and cannot be corrected on appeal. LimitNone cannot satisfy these requirements.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) (citations omitted). Indeed, "[o]nly exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). "[T]he party seeking mandamus has the burden of showing that its right

---

[1] Rather than invoking the proper standard, LimitNone cites cases regarding stays having nothing to do with extraordinary writs or venue decisions, but instead involving orders denying arbitration, denying a criminal double-jeopardy defense, and determining immunity. *See Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (discussing harm that would ensue if a denial of arbitration were only appealable after trial); *Abney v. United States*, 431 U.S. 651, 653 (1977) (determining whether denial of a motion to dismiss a criminal action on double jeopardy grounds was a final order for purposes of appeal); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) (considering appealability of denials of claims of qualified immunity); *Goshtasby v. University of Illinois*, 123 F.3d 427, (7th Cir. 1997) (determining that a refusal to dismiss a case on the basis of Eleventh Amendment sovereign immunity was an appealable final order).

[2] Though LimitNone purports to move this Court to stay transfer of this action per Northern District of Illinois Local Rule 83.4, that Rule contemplates the filing of a "petition for reconsideration," not an appeal. N.D. ILL. L.R. 83.4. Thus, Local Rule 83.4 does not authorize LimitNone's present motion.

to issuance of the writ is clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289 (1988) (quotations omitted). LimitNone has not come close to making this showing here.[3]

### A. This Court's Transfer Order Is Not Erroneous, Let Alone Clearly Erroneous.

In the context of mandamus, a district court's order is clearly erroneous only if it is ***directly contrary*** to established statutory law or precedent. *In re Arizona*, 528 F.3d 652, 656 (9th Cir. 2008) ("Absent statutory mandate or precedent from the Supreme Court or the Ninth Circuit, we cannot conclude that the order is erroneous as a matter of law, as that term is used in mandamus analysis."). To succeed, "[t]he petitioner must demonstrate that the error is so serious that it amounts to an abuse of the trial judge's authority." *In re Ford Motor Co., Bridgestone/Firestone North American Tire, LLC*, 344 F.3d 648 (7th Cir. 2003). Mere error is insufficient. *Allied Chem. Corp.,* 449 U.S. at 35 ("Although a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances 'would undermine the settled limitations upon the power of an appellate court to review interlocutory orders.'") (citation omitted).

This bar is particularly high where, as here, the decision challenged in the mandamus petition—the transfer of an action to another district court—is within the discretion of the trial court and entitled to great deference. *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 974 F.2d 775, 789 (7th Cir. 1992) ("We give great deference to a district court's rulings on

---

[3] The near impossibility of obtaining mandamus review stems from important policies of avoiding piecemeal litigation, protecting the proper role of trial and appellate courts and preserving judicial economies. *See Kerr*, 426 U.S. at 402-03 ("[I]t is in the interest of the fair and prompt administration of justice to discourage piecemeal litigation . . . A judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would run the real risk of defeating the very policies sought to be furthered [by Congress]."); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373-74 (1981) (final judgment rule "emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact," and avoids "the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise").

motions to transfer venue. Indeed, this court can only reverse a district court's determinations in this regard if we find a 'clear abuse of discretion.'") (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir .1986).) Consistent with this principle, mandamus review of Section 1406(a) transfers is only appropriate in truly extraordinary circumstances. *See Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 951 (9th Cir. 1968) ("[O]rders entered under §1406(a) are not reviewable in mandamus, at least in absence of extraordinary circumstances."); *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 382-83 (1953) (where section 1406 transfer involves no abuse of judicial power and is appealable upon final review, petition for writ of mandamus is not appropriate and should not be allowed).

Here, LimitNone claims in its Petition For A Writ of Mandamus ("Petition") that this Court exceeded its authority and committed clear error in transferring this action in three respects. First, LimitNone posits that the Court "failed to consider" whether it should decide subject matter jurisdiction first, prior to deciding venue. *See* Petition, at 15-16. The argument is factually and legally meritless. This Court did considered this exact question, finding that unlike the issue of subject matter jurisdiction, "the issue of venue is fairly easy to resolve." Transfer Order at 1. Accordingly, the Court ruled on venue first, as *Sinochem* authorized it to do. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 127 S.Ct. 1184, 1191 (2007) (in case involving preliminary questions of both jurisdiction and venue, "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal cites omitted). Contrary to LimitNone's insistence (Petition at 16) that the Court was required to detail in its ruling a "comparison" between various threshold analyses before choosing which one to apply first, *Sinochem* nowhere requires the mechanical approach advocated by LimitNone. It also ignores the exercise the Court plainly engaged in when it ruled that, as between the two, venue was the easier issue. *See* Petition at 16.

Moreover, LimitNone's bold claim that this comparison "was simply not done because the District Court did not even permit LimitNone to file a brief on the issue of jurisdiction or a

motion to remand" is the height of irony. *See* Petition at 16. In its Motion for Reconsideration, *LimitNone did not even bother to cite the court to Sinochem in the first place*[4] and failed to advance the position it now asserts. LimitNone has thus waived any claim that it was clear error for this Court to apply *Sinochem* in some particular fashion that LimitNone never even argued.[5] *Pohl*, 213 F.3d 336. Similarly unavailing is LimitNone's claim that it was not permitted to be heard on this issue, since LimitNone had ample opportunity to make such an argument on Google's motion to transfer or dismiss and in its Motion for Reconsideration, but did not do so.[6]

Second, LimitNone contends that the Court committed clear error in that it "arguably has ruled on matters that go to the merits of the underlying dispute" in granting the motion to transfer venue. *See* Petition at 17.[7] This too is incorrect. Numerous other courts have held that reviewing the applicability of a forum selection clause is not a merits-based decision. *See, e.g.*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 498 (1989) (order denying motion to dismiss based on forum selection clause is not decision on the merits); *Iowa Grain Co. v. Brown*, 171 F.3d 504, 507 (7th Cir. 1999) (observing that dismissal "of this action was based upon the forum-selection

---

[4] Google identified the governing *Sinochem* authority in its Opposition to LimitNone's Motion for Reconsideration.

[5] In support of LimitNone's argument that, in its opinion, subject matter jurisdiction would have been easier to decide first, LimitNone argues that "the parties should [have been] permitted to obtain and present evidence" before the venue issue was decided. *See* Petition, at 17. LimitNone never presented this argument during the briefing on Google's Motion to Dismiss or Transfer, and thus, has waived it on appeal. *Pohl v. United Airlines, Inc.*, 213 F.3d 336 (7th Cir. 2000). LimitNone also fails to mention that it did not oppose Google's motion to stay of discovery pending the resolution of the venue issue. *See* Google's Memorandum of Law in Support of Motion to Stay Discovery Pending Resolution of the Parties' Dispositive Motions, Docket No. 24, at 5.

[6] *See* LimitNone's Motion for Reconsideration (making no mention of *Sinochem* whatsoever); LimitNone's Reply is Support of Motion for Reconsideration (urging the court to decide LimitNone's remand motion first, but making no argument that the Court had to issue findings weighing the conveniences and burdens of each threshold analysis before opting to decide one prior to the other).

[7] Again, because LimitNone never argued during the venue transfer briefing that the resolution of the issues -- including issues advanced entirely by LimitNone -- would be improper, LimitNone has waived the issue on appeal. *Pohl*, 213 F.3d 336.

clause . . . and not on the merits of the case"); *Ashenden v. Lloyd's of London*, 1996 WL 717464, at *1 (N.D. Ill. Dec. 9, 1996) ("[M]otions based on forum selection clauses often apply summary judgment standards, and thus the Court does not pass on the truth or merit of the allegations"); *Gullion v. JLG Serviceplus, Inc.*, 2007 WL 294174, at *5 (S.D. Tex. Jan. 29, 2007) ("In determining the applicability of a forum selection clause, examination of the merits of any of the claims or defenses need not be made") (internal cites omitted). Indeed, *Sinochem* itself makes clear that "[a] *forum non conveniens* dismissal denies audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere. . . . [and] ***is a non-merits ground for dismissal***." *Sinochem* at 1192 (emphasis added).

Contrary to LimitNone's unsupported premise, this holds true even when courts consider which contract among several governs a dispute in order to determine which forum selection clause applies. *See Spenta Enterprises, Ltd. v. Coleman*, --- F.Supp.2d ----, 2008 WL 2959935, at *5 (N.D. Ill. Aug. 4, 2008) (determining which among four forum selection clauses from four agreements applies, and then dismissing complaint without prejudice); *Quest Turf, LLC v. Fieldturf USA, Inc.*, 2008 WL 975074, at *1-2 (S.D. Ind. April 7, 2008) (interpreting two separate agreements in determining that forum selection clause applied, and then remanding case to state court). LimitNone cites not a single case holding to the contrary, and again has failed to demonstrate error, much less clear error.

Third, LimitNone argues that "[i]n acting beyond the strictures of *Sinochem* . . . the District Court has acted without jurisdiction in this matter." *See* Petition at 18. This is merely a restatement of issues one and two—and in any event a non-starter. *Sinochem* expressly authorized this Court's ruling, confirming that jurisdictional questions need ***not*** be reached in order for a court to first determine whether dismissal or transfer is appropriate on venue grounds. A plain reading of *Sinochem* confirms that this Court acted consistent with it. In sum, none of

LimitNone's claimed "clear errors" is even colorable, much less meritorious, rendering its Petition a "hail Mary" at best.

Moreover, LimitNone's ten-day delay in filing its Petition further diminishes its likelihood of success. As this Court observed in its October 2, 2008 Minute Order, "the purported emergency nature of LimitNone's motion is entirely of its own making, given the amount of time that elapsed between the issuance of the transfer order and the filing of LimitNone's mandamus petition." Delay in filing a mandamus petition raises the question of how important such extraordinary relief truly is to the petitioner. *See Matter of National Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1232 (7th Cir. 1988) (denying petition for writ of mandamus to disqualify judge largely because of petitioner's delay in filing it). There is no basis for a stay in these circumstances.

### B. LimitNone Will Not Be Prejudiced In Any Way That Is Not Correctable on Appeal

LimitNone also fails to demonstrate the second prong for issuance of a writ—that "the challenged order not be effectively reviewable at the end of the case-in other words, that it inflict irreparable harm." *In Matter Of Rhone-Poulenc Rorer, Inc.*, 51 F.3d at 1295. In fact, a transfer order is appealable upon final judgment. *See Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 382-83 (1953). Thus, contrary to LimitNone's position, the sole mechanism it has for relief is ***not*** the instant writ of mandamus. *See* Motion, ¶¶ 7, 9; Petition at 12.

LimitNone cites in its Petition *In re National Presto Indust., Inc.* for the proposition that a transfer order poses irreparable harm as a matter of law. 347 F.3d 662 (7th Cir. 2003); Petition at 11. LimitNone is mistaken. *In re National Presto* held that mandamus relief for an order *denying* transfer was *not* available, because the denial was not "patently erroneous." 347 F.3d at 663. Any statements in *In re National Presto* as to the harm of denying transfer are therefore dicta, and inapplicable to this case in any event: LimitNone's claim of "irreparable harm" is based on the purported loss of Seventh Circuit review over the Transfer Order (Petition at 12), yet, as explained in Part II below, LimitNone does in fact have adequate alternative remedies

available to it even prior to final judgment. As such, LimitNone would suffer no prejudice that could not be corrected through further litigation.

## II. LIMITNONE HAS AN ADEQUATE REMEDY AT LAW IF A STAY IS NOT GRANTED.

LimitNone argues that it has no adequate remedy at law if this Court does not stay the transfer. LimitNone is again mistaken. Its two citations for the premise that transfer will cause it to "lose the opportunity to obtain appellate review" hold nothing of the sort. Motion ¶ 7. Both *Posnanski v. Gibney*, 421 F.3d 977 (9th Cir. 2005), and *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180 (7th Cir. 1971), stand for the unremarkable proposition that Courts of Appeals may not review district court decisions from other circuits. However, that fact does not deny LimitNone a remedy at law. As *Posnaski* makes clear, the appropriate procedure for a party in LimitNone's position would be, following transfer, to "move in the transferee court to retransfer the action to the transferor court" because any "denial of that motion is reviewable in the transferee circuit." 421 F.3d at 980-81; *see also Illinois Tool Works*, 436 F.2d at 1188 (declining to review the decision to transfer from the out-of-circuit transferor district, but reviewing the in-circuit decision to deny retransfer); *Linnell v. Sloan*, 636 F.2d 65, 67 (4th Cir. 1980) ("Under the prevailing view among the circuits, [plaintiffs] should have moved for retransfer of their action in the Eastern District of Virginia, the transferee district court, in order to vest us with jurisdiction to pass on their contention.")

LimitNone has ample remedies before it without seeking an emergency stay or an extraordinary writ. *See Hinrichs*, 440 F.3d at 396. Its arguments suggesting that only the extraordinary process of petitioning for writ of mandamus to the Seventh Circuit Court of Appeals would allow it appellate review of the transfer are simply in error. *Graphic Comm. Union v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1985) ("[T]he ordinary incidents of litigating (or arbitrating) a case are not 'irreparable injury'") (internal citation omitted).

## III. THE "BALANCE OF HARDSHIPS" FAVORS ALLOWING THE TRANSFER

Prongs three and four of the *Hinrichs* test boil down to who the balance of hardships favors. *See Hinrichs*, 440 F.3d at 396. Because LimitNone has so little likelihood of success on its Petition, the showing of irreparable injury must be that much stronger to justify a stay. *Stormans Inc. v. Selecky*, 526 F.3d 406, 408 (9th Cir. 2008). Yet as explained above, LimitNone cannot demonstrate *any* injury that cannot be corrected through further litigation. Google, meanwhile, will suffer concrete and immediate harm from the stay in the form of increased litigation costs while LimitNone pursues its meritless Petition, as well as delay in resolving this matter. As LimitNone suffers no harm in the denial of a stay since its Petition likely will be rejected *sua sponte*, while Google would suffer tangible and unjust harm from a grant of the stay, the balance of hardships favors Google, and the stay should be denied. *See Sofinet v. I.N.S.*, 188 F.3d 703, 708 (7th Cir. 1999) (listing "another round of litigation" as part of the harm to defendant derived from granting a stay).

## IV. THE PUBLIC INTEREST IS NOT SERVED BY A STAY

Finally, LimitNone cannot demonstrate that the public interest is served by a stay. The public interest is fostered by enforcing forum selection clauses as a method to control litigation, not as a basis for prolonging it. In fact, enforcing the forum selection clauses here would be in keeping with public policy, since forum selection clauses "dispel[] any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 591, 593 (1991). Furthermore, staying a proper transfer under the circumstances presented here is a waste judicial resources, and will only invite other litigants to seek a stay to file "long-shot" petitions for a writ of mandamus whenever they disagree with a ruling. *See Radio Corporation of America v. Igoe*, 217 F.2d 218, 222 (7th Cir. 1955) (J. Finnegan, concurring) ("When a petition or motion for leave to file a petition for writ of mandamus

becomes perfunctory or ritualistic, then petitioners obtain delays in proceedings at the trial below, burden the trial judge, and hinder opposing parties.").

## CONCLUSION

A stay in these circumstances is unnecessary and unwarranted. Because LimitNone's stay motion is unfounded and its mandamus petition has—at best—only a remote chance of success, this Court should deny LimitNone's motion to stay the transfer of this action. *See ABC Teacher's Outlet, Inc. v. School Specialty, Inc.*, 2007 WL 3023390, at *2 (D. Minn. Oct. 12, 2007) ("The Court discerns no legitimate basis for an extraordinary writ, and therefore sees no efficiency in staying the July 17 Order transferring this case"). LimitNone's Emergency Motion to Stay Transfer Pending Appeal should be denied.

DATED: October 3, 2008

Respectfully submitted,

GOOGLE INC.

By: /s/ Michael T. Zeller
    One of Its Attorneys

Michael T. Zeller (ARDC No. 6226433)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100 (fax)

Rachel M. Herrick
(*Admitted Pro Hac Vice*)
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000
(650) 801-5100 (fax)

Jonathan M. Cyrluk (ARDC No. 6210250)
STETLER & DUFFY, LTD
11 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 338-0200
(312) 338-0070 (fax)

Attorneys for Google Inc.

## CERTIFICATE OF SERVICE

I, Rachel M. Herrick, an attorney, certify under penalty of perjury that I caused a copy of the forgoing document to be served on all counsel of record via the Court's CM/ECF online filing system this 3nd day of October, 2008.

/s/ Rachel M. Herrick
Rachel M. Herrick
