Limitnone LLC v. Google Inc.

Doc. 56

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4178 | **DATE** | October 2, 2008 |
| **CASE TITLE** | *LimitNone v. Google* | | |

**DOCKET ENTRY TEXT:**

LimitNone's motion for a stay of the Court's transfer order pending resolution of its mandamus petition [#50] is granted. The clerk shall retain the record in this case until the Court orders otherwise. Google's motion for an extension of time to answer or otherwise plead [#52] is also granted. If this case proceeds in this district, the Court will set a date for Google to file its responsive pleading. If the case proceeds in California, Google shall file its responsive pleading twenty days after the transfer-in order is entered on the docket unless the California Court orders otherwise. The Clerk is further directed to forward a copy of this order to the Seventh Circuit.

■[ For further details see text below.]

## STATEMENT

LimitNone's motion for a stay of the court's September 22, 2008, transfer order pending resolution of its mandamus petition (Seventh Circuit case no. 08-3499) is before the court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining how to exercise its discretion, a court should consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

Here, LimitNone filed a petition for a writ of mandamus to seek review of this court's analysis of the Supreme Court's ruling in *Sinochem Intern. Co. Ltd. v. Malaysia Inter. Shipping Corp.*, 127 U.S. 1184 (2007), and its discretionary decision to transfer this action to the United States District Court for the Northern District of California. Google opposes the motion to stay, arguing that LimitNone – whose motion

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

for a stay pending resolution of its mandamus petition is premised on the fact that its mandamus petition will moot if this case is transferred – has failed to show that the relevant factors favor a stay.

LimitNone's motion to stay the transfer of this action pursuant to Local Rule 83.4, which is styled as an emergency motion, is not a true emergency as the court issued its transfer order on September 22, 2008, and LimitNone elected to file its mandamus petition on October 2, 2008. Had LimitNone sought relief from the Seventh Circuit earlier, this matter likely would have been resolved well before the projected transfer date of October 7, 2008.[1]

Nevertheless, it appears that the Seventh Circuit will rule seasonably on LimitNone's mandamus petition. Moreover, a short additional delay will not cause Google to suffer any irreparable harm, while denying a stay will moot LimitNone's mandamus petition. See San Diegans For Mt. Soledad Nat. War Memorial v. Paulson, — U.S. —, 126 S.Ct. 2856 (2006) (Justice Kennedy, as Circuit Justice) (any harm caused by brief delay pending the Court of Appeals' expedited consideration of the case was slight compared to the irreparable harm arising from denial of a stay pending appeal because denial of a stay would cause the appeal to become moot). With respect to likelihood of success on the merits, the court adheres to its decision transferring this action and will await the appellate court's decision regarding this issue and the availability of mandamus relief in this case.

Accordingly, in the exercise of its discretion, the court finds that a short continuance of the status quo to allow the Seventh Circuit to reach the merits of LimitNone's mandamus petition is appropriate. LimitNone's motion for a stay [#50] is thus granted. The clerk is directed to retain the record in this case until the court orders otherwise. The clerk is further directed to forward a copy of this order to the Seventh Circuit.

The court also notes that Google recently filed a motion seeking an extension of time to answer or otherwise plead [#52] which is noticed for presentment on October 7, 2008. In its motion, Google states that "[i]n light of the potential uncertainty surrounding the exact date upon which this action will be transferred to and docketed in the Northern District of California," it attempted to enter into a stipulation with LimitNone addressing the date that Google's responsive pleading would be due. According to Google, LimitNone declined to agree to any such stipulation. Counsel's apparent lack of collegiality is regrettable. Google's motion is granted. If this case proceeds in this district, the court will set a date for Google to file its responsive pleading. If the case proceeds in California, Google shall file its responsive pleading twenty days after the transfer-in order is entered on the docket unless the California court orders otherwise.

---

[1] The court acknowledges that Local Rule 83.4 allows a party who files "a petition for reconsideration" to seek an order "direct[ing] the clerk not to complete the transfer process until a date certain or further order of court." As Google notes, a petition for a writ of mandamus filed with the appellate court is not the same thing as a petition for reconsideration filed with the district court. Nevertheless, the court believes that Google's reading of Local Rule 83.4 is too narrow. That rule was meant to preserve jurisdiction to enable the court to re-review a transfer order before the case was formally transferred. A mandamus petition is comfortably within the scope of this rule, even if it represents an attempt to secure appellate review as opposed to reconsideration by a trial court.